■ In the Matter of ARTHUR DEHAR, Petitioner, v LAURIE M. C. DEHAR, Respondent. (Proceeding No. 1.) In the Matter of ANGELO IACONO, Respondent, v LAURIE M. C. DEHAR, Appellant, et al., Respondent. (Proceeding No. 2.)—Levine, J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered August 7, 1986, which, *inter alia,* granted petitioner Angelo Iacono's application, in a proceeding pursuant to Family Court Act article 6, for custody of Christopher Dehar.

In the instant case, Family Court awarded custody of Christopher Dehar, born January 22, 1970, to Angelo Iacono (Iacono), the former paramour of the child's mother, Laurie M. Callan Dehar (Callan). It also denied the custody petition of Arthur Dehar (Dehar), the child's father. Dehar has not appealed from Family Court's dispositions of the petitions. Family Court concluded that extraordinary circumstances existed for considering whether the child's best interest would be served by awarding custody to Iacono, the nonparent *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543). The court based

this determination solely on its finding that Iacono had become the child's "psychological parent" during his long relationship with Callan. In making this ruling, Family Court relied upon this court's decision in *Matter of Ronald FF. v Cindy GG.* (117 AD2d 332). Subsequent to Family Court's disposition, *Matter of Ronald FF.* was reversed by the Court of Appeals (70 NY2d 141). In addition to holding that the *Bennett* test is inapplicable to a child's visitation claim by a nonparent where the natural parent's right to custody is undisputed, we read the court's decision in *Matter of Ronald FF.* as disapproving a determination that the psychological parenthood of a nonparent alone constitutes extraordinary circumstances, that is, "surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" *(Matter of Bennett v Jeffreys, supra,* at 549).

Consequently, the order herein must be reversed and the matter remitted to Family Court for further proceedings, including appropriate findings. We are also of the view that the hearing should be reopened for a reception of further proof, including medical evidence concerning possible sexual abuse of the child, and regarding any changes in the circumstances of the child and the respective parties relevant to the issue of custody which may have occurred since the granting of the order.

Order reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.