■ In the Matter of PAUL R. ABAIRE, Respondent, v INGRID HIMMELBERGER, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of RUTH A. HERLIHY, Appellant, v JOHN BEAUDOIN, as Commissioner of the Department of Social Services of Rensselaer County, et al., Respondents, and INGRID HIMMELBERGER, Appellant. (Proceeding No. 2.)—Mahoney, P. J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered March 29, 1989, which, in proceedings pursuant to Family Court Act article 6, *inter alia,* granted petitioners joint custody of Priscilla Jahn.

Paul R. Abaire is the father of a girl born in 1978. Ingrid Himmelberger is the child's mother and Ruth A. Herlihy is the child's maternal grandmother. In 1985 Himmelberger voluntarily placed the child in the custody of the Rensselaer County Commissioner of Social Services. Abaire and Herlihy then filed petitions for custody. After a consolidated hearing on both petitions, joint custody was awarded with physical custody to Abaire and visitation to Herlihy and Himmelberger, who filed a notice of appeal from this February 28, 1986 order. Before the appeal could be perfected, the court reporter died and the hearing notes could not be deciphered. Himmelberger sought to vacate the order and have a trial de novo. Family Court, with the parties' consent, ordered a trial de novo, which was held on June 6, 1988. Abaire, Herlihy and Himmelberger appeared, with the latter two parties testifying. Family Court ordered joint custody to Abaire and Herlihy with physical custody to Abaire and specifically continued the February 28, 1986 order.* Herlihy and Himmelberger appeal.

Absent extraordinary circumstances, a parent has a superior right to custody of his or her child than a nonparent *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543, 544; *Matter of Denise K. v King L.,* 136 AD2d 833, 834). In this case, our review of the transcript of the trial de novo reveals no sufficient extraordinary circumstances to defeat Abaire's superior right to custody. Herlihy relies upon a few specific incidents in order to show Abaire's unfitness as a father. For example, Herlihy testified that the child had brought the end

---

* The order appealed from refers to the prior Family Court order as dated February 24, 1986. This apparently is an error and we shall take it to mean the February 28, 1986 order.

of a marihuana cigarette to her which was allegedly taken from Abaire's bedroom. It was not, however, shown that the cigarette was in fact marihuana or that it had any clear connection to Abaire. Such proof is far from conclusive that Abaire is unfit as a parent so as to constitute extraordinary circumstances. Indeed, the reports to Family Court concerning Abaire's fitness show him to be a fit and concerned parent. Likewise, a 1979 stipulation signed by Abaire relating to relinquishment of his parental rights is not irrevocable and so fails to evidence an intent to abandon his child permanently (see, Domestic Relations Law § 111 [2] [e]). In the absence of any extraordinary circumstances, Abaire is entitled to custody and the order must be modified accordingly.

Herlihy and Himmelberger contend that Family Court misperceived the nature of the trial de novo and that reversal is therefore warranted. Indeed, it appears that Family Court characterized the trial de novo as one for a modification of the February 28, 1986 order. Nonetheless, we find reversal unnecessary. At trial, Herlihy's attorney directed the court's attention to the fact that the hearing was a trial de novo, and both Herlihy and Himmelberger presented evidence, including their own testimony. Under such circumstances, they were not prejudiced by Family Court's mischaracterization. Furthermore, our review of the record, undertaken from the perspective that it was a trial de novo, reveals insufficient extraordinary circumstances to warrant custody to Herlihy. The court's reference to the February 28, 1986 order can be seen as for convenience, akin to continuing a temporary order. Considering all these factors, and mindful that these proceedings have been unresolved for some five years, we see no reason for another trial.

Order modified, on the law, without costs, by reversing so much thereof as awarded joint custody to Paul R. Abaire and Ruth A. Herlihy, sole custody awarded to Paul R. Abaire; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.

