In the Matter of JANET BISIGNANO, Respondent, v ELIZABETH B. WALZ, Appellant.

Third Department, December 20, 1990

APPEARANCES OF COUNSEL

*Ian R. Arcus (Jeffrey S. Berkun* of counsel), for appellant.

*David L. Gruenberg* for respondent.

**OPINION OF THE COURT**

CASEY, J.

This appeal involves a custody dispute between a mother, respondent, and the maternal grandmother, petitioner, of a six-year-old girl. Since the dispute is between a parent and nonparent, extraordinary circumstances, such as surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance, which would drastically affect the welfare of the child must be shown before the courts may inquire into the best interest of the child and order a custodial disposition on that ground *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543, 549).

Respondent finished high school, attended college in New Hampshire for 2½ years and attempted unsuccessfully to transfer to college in Arkansas, where she lived for a period of time, returning to her Rensselaer County home in 1983, where she stayed with friends. When she returned to her parents' home in 1983, respondent was pregnant. She did not tell her parents and made no plans for prenatal care or payment of birth expenses. On April 14, 1984 the baby girl, named Jasmine, was born at the parents' home, apparently without outside help or assistance. When respondent was subsequently released from the hospital she returned to her parents' home, where she lived and devoted her time to raising her daughter, with petitioner's help, for two years. Respondent then re-

turned to work and left the child in petitioner's care. In the summer of 1987, respondent began to stay away from home overnight and soon stopped returning home at all because she had taken up residence with a man whom she had met that summer. She did not tell petitioner where she was staying and only called from "time to time". In October 1987 respondent married the man she had been living with but did not tell her parents. Between July 1987 and July 1988 respondent visited Jasmine only at irregular intervals. In June 1988 petitioner commenced a proceeding pursuant to Family Court Act § 651 for custody of Jasmine and, by order to show cause, was granted temporary custody. After a hearing, custody was awarded to petitioner with liberal visitation rights to respondent, who has appealed the order to this court.

Family Court specifically found that the record did not support a finding of abandonment or surrender of Jasmine, or that respondent was unfit. The determination of Family Court was based on findings that respondent's abdication of her parental duties constituted a "subtle kind of neglect" and that the circumstances of the case fell within the *Matter of Bennett v Jeffreys (supra)* description of an unfortunate involuntary disruption of the custody of Jasmine over an extended period of time, such that extraordinary circumstances were shown, allowing application of a best-interest analysis, under which the court awarded custody to petitioner with liberal visitation to respondent. In our view, the "symbolic abandonment" or "subtle kind of neglect" which Family Court found did not rise to the level of statutory or persistent neglect or abandonment or to an extended disruption of custody with the mother.

■ The Court of Appeals has held that in a custody dispute between a parent and nonparent the abandonment necessary to establish an extraordinary circumstance cannot be less than that required to show statutory abandonment *(Matter of Dickson v Lascaris, 53 NY2d 204, 209)*. Although *Matter of Dickson v Lascaris (supra)* did not discuss *neglect,* the reasoning in that case compels us to conclude that "persistent neglect" sufficient to rise to the level of an extraordinary circumstance also requires a showing of statutorily defined "permanent neglect" (Social Services Law § 384-b [4]). Thus, we believe that Family Court applied an erroneous standard when it said that neglect "doesn't have to rise to that level as far as I'm concerned". We find, however, that the record of sporadic visitation and failure to plan for Jasmine's future sufficiently support a finding of persistent neglect under the

proper standard, and based on the facts presented this court so finds. Respondent left Jasmine in petitioner's care from July 1987 to July 1988, during which time respondent abdicated her parental rights and responsibilities. Respondent left her parents' home in July 1987 without telling her parents her whereabouts or planning for Jasmine. Respondent saw her baby only rarely and intermittently, and she made no effort to visit or plan for Jasmine's future care until petitioner sought custody. Permanent neglect is found when a parent has failed either to maintain substantial, repeated and continuous contact with a child or to plan for the child's future (Social Services Law § 384-b [7] [c]; *Matter of Star Leslie W.,* 63 NY2d 136), and the evidence in this case supports such a finding.

■ Family Court also found extraordinary circumstances in the unfortunate disruption of custody that occurred after the summer of 1987, which caused a psychological bonding between Jasmine and petitioner. However, in our view, extraordinary circumstances on such a basis require extended periods of custody disruption, as well as a bonding which will cause a psychological trauma grave enough to threaten destruction of the child if custody is changed *(see, Matter of Bennett v Jeffreys, supra* [seven years]; *Matter of Curry v Ashby,* 129 AD2d 310 [five years]). Here, the disruption was one year and, although Family Court found that a strong psychological bond had developed between Jasmine and petitioner, that in and of itself is insufficient to qualify as an extraordinary circumstance under *Matter of Bennett (see, Matter of Dehar v Dehar,* 134 AD2d 656).

■ Having found extraordinary circumstances on the basis of *neglect,* we agree with Family Court's finding that the best interest of the child lies in giving custody to petitioner. Petitioner has been the primary caregiver and the child has a strong psychological bond with petitioner, who is the only stable influence in the child's life. Respondent, on the other hand, has acted irresponsibly toward her child. Accordingly, the order appealed from should be affirmed.

KANE, J. P., LEVINE, MERCURE and HARVEY, JJ., concur.

Order affirmed, without costs.