■ In the Matter of HELENE GARCIA, Appellant, v KIM

Garcia, Respondent.—In a child custody proceeding pursuant to Family Court Act article 6, the petitioner, the infant's maternal grandmother, appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Nason, J.), dated November 9, 1988, as, after a fact-finding hearing, awarded custody of the child to the respondent, the natural mother.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

In this proceeding, the petitioner seeks custody of her granddaughter. After conducting a fact-finding hearing, the court concluded that "there is nothing in this particular set of circumstances that would require that I deprive the natural mother of the custody of this child, and custody is to remain with the respondent-mother". The grandmother argues on appeal that extraordinary circumstances exist, and that, therefore, in order to properly determine custody, the court should have conducted an inquiry into the best interests of the child.

A natural parent is entitled to custody of the child unless extraordinary circumstances exist, in which case the award of custody is controlled by what is in the best interest of the child (see, Matter of Bennett v Jeffreys, 40 NY2d 543, 544). We conclude that the grandmother did not establish that extraordinary circumstances are present in this case.

Although the mother was incarcerated for one year when the child was one year old, such a disruption of custody does not in and of itself constitute an extraordinary circumstance (see, Matter of Bisignano v Walz, 164 AD2d 317, 320). Moreover, the mother arranged for, and was allowed, visits with her child twice every month. Nor do we find that the conviction alone constitutes an extraordinary circumstance, as we note that the conviction was for manslaughter for killing the child's natural father, who had physically abused the mother over an extended period of time.

The court-appointed psychiatrist concluded that the mother was "by far the more stable individual" and strongly advised that she be granted full custody. In contrast, he found the grandmother's allegations to be at best suspect. Accordingly, the court properly concluded that the mother was entitled to custody of the child.

We have examined the grandmother's remaining contention and find that it is unpreserved for appellate review. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.