■ In the Matter of MARY CULVER et al., Respondents, v FAITH CULVER, Appellant, et al., Respondent.—Casey, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered September 23, 1991, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for custody of respondents' children.

At issue on this appeal is whether Family Court erred in granting petitioners' application for custody of their two grandchildren. Respondent Faith Culver (hereinafter respondent), the mother of the two children, had physical custody of the children after she and petitioners' son, who is the children's father, separated in December 1986. Concerned about a lack of stability in the home environment provided for the children by respondent, petitioners sought in October 1990 temporary custody of the children until either of the children's parents developed more stability. Petitioners' son consented to the application, but respondent opposed it. After a fact-finding hearing conducted in late 1990 and early 1991, Family Court granted the petition, resulting in this appeal by respondent.

The Court of Appeals recently reiterated that "[a] biological parent has a right to the care and custody of a child, superior to that of others, unless the parent has abandoned that right or is proven unfit to assume the duties and privileges of parenthood, even though the State perhaps could find 'better' parents" *(Matter of Michael B.,* 80 NY2d 299, 309), a principle that has long been recognized in New York *(see, People ex rel. Kropp v Shepsky,* 305 NY 465, 468). Family Court found that respondent was not unfit, but that "extraordinary circumstances" justified the change in custody from the children's mother to their paternal grandparents. In *Matter of Bennett v Jeffreys* (40 NY2d 543, 549 [emphasis supplied]), the Court of Appeals explained that "intervention by the State in the right and responsibility of a natural parent to custody of her or his child is warranted if there is first a judicial finding of surren-

der, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, *or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child"*. "So long as the parental rights have not been forfeited by gross misconduct * * * or other behavior evincing utter indifference and irresponsibility * * * the natural parent may not be supplanted" *(Matter of Male Infant L.,* 61 NY2d 420, 427).

The "extraordinary circumstances" found by Family Court are based upon the following findings: (1) respondent's "lack of an established household of her own and her numerous changes of residence, most of which had unsuitable accommodations for the children", (2) the existence of a "psychological bond of the children to petitioners", (3) the parental attention and love given to the children by respondent has been "sporadic", and (4) "the profound insecurity of the children's lives with respondent and the resulting deleterious effect upon them". Based upon our review of the record on appeal, we find no evidence to support the findings of insecurity and the deleterious effect upon the children. Noticeably absent is any expert testimony regarding the physical, mental or emotional health of the children.

Assuming that the evidence is sufficient to support the other three findings by Family Court, we are of the view that those findings are insufficient to constitute the requisite extraordinary circumstances. The first and third findings have a direct bearing on respondent's fitness as a parent, but Family Court expressly refused to find her unfit. We conclude that the first and third findings are irrelevant and impermissible considerations unless they are sufficient to establish respondent's persistent neglect or unfitness *(see, Matter of Male Infant L., supra,* at 430). At most, respondent and her family moved eight times in six years and many of the moves were prompted at least in part by the financial problems associated with being a single parent who was receiving little or no child support from the children's father, petitioners' son. The evidence does not support the finding that most of the residences were inadequate. Assuming that there is sufficient evidence to support the finding that the parental attention and love given to the children by respondent was sporadic, this finding does not establish the persistent neglect necessary to rise to the level of an extraordinary circumstance *(cf., Matter of Bisignano v Walz,* 164 AD2d 317, 319). We conclude that the first and the third findings relied upon by Family Court, considered alone or cumulatively, are insufficient to establish the type of gross

misconduct or other behavior, evincing utter indifference and irresponsibility necessary to supplant the natural parent *(see, Matter of Male Infant L., supra,* at 427). Finally, we are of the view that the claimed psychological bond between the children and their grandparents has no bearing on respondent's rights as a natural parent in the absence of unfitness, abandonment, persistent neglect or other gross misconduct or grievous cause *(see, Matter of Dehar v Dehar,* 134 AD2d 656, 657). Respondent is entitled to the custody of her children *(see, Matter of Abaire v Himmelberger,* 163 AD2d 626). We find it unnecessary to address the parties' remaining contentions.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed.