■ In the Matter of DENISE M. JUDWARE, Respondent, v DOUGLAS J. JUDWARE et al., Appellants. [602 NYS2d 735] —Mikoll, J. P. Appeal from a judgment of the Family Court of St. Lawrence County (Nelson, J.), entered March 21, 1991, which, in a proceeding pursuant to Family Court Act article 6, *inter alia,* granted petitioner's application for custody of her child.

Respondents, who are petitioner's parents, appeal from Family Court's judgment issued after a fact-finding hearing awarding sole custody of petitioner's daughter, Desiree, born in 1986, to petitioner with visitation to respondents, and from the dismissal of their cross petition for custody. Family Court found that there had been no showing that extraordinary circumstances existed which would warrant displacing petitioner as the custodial parent. Respondents' contention that extraordinary circumstances were shown, and that Family Court therefore improperly dismissed respondents' cross petition for custody of Desiree, is without merit. The judgment of Family Court should therefore be affirmed.

Examination of the record reveals that shortly after the birth of Desiree, petitioner and Desiree lived with respondents. In the summer of 1987 petitioner left respondents' residence without Desiree, who remained with respondents through about May 1989. Petitioner visited with and assisted in the care of Desiree on three or four occasions a week during that time. In September 1989 Family Court issued a temporary order providing, *inter alia,* that respondents would have custody of Desiree. Subsequently, orders defining petitioner's visitation were issued and the parties reached an accord concerning custody. By order dated March 21, 1990 respondents were granted, *inter alia,* custody of Desiree for eight months with, *inter alia,* visitation to petitioner. Thereafter, petitioner commenced a proceeding in Family Court charging a violation of the March 21, 1990 order as to visitation and seeking to require respondents' compliance with that order. Other petitions followed and one of those proceedings resulted in the judgment from which this appeal is taken.

Conflicting evidence was presented at the fact-finding hearing on the issues of petitioner's ability to parent and the behavior of her live-in paramour, Donald Durant, as well as

Desiree's well-being; Family Court resolved the evidence in petitioner's favor. Respondents failed to present sufficient evidence to meet their burden of demonstrating that petitioner was an "unfit" parent or that other extraordinary circumstances existed sufficient to displace petitioner, the biological parent, from custody (see, Matter of Michael B. [Marvin B.], 80 NY2d 299, 309; Matter of Male Infant L., 61 NY2d 420, 429; Matter of Bennett v Jeffreys, 40 NY2d 543, 548; Matter of Culver v Culver, 190 AD2d 960, 960-961; Matter of Denise K. v King L., 136 AD2d 833, 834). Respondents' assertion, that petitioner's conduct in leaving Desiree to reside with respondents from approximately mid-1987 through approximately May 1989 was an abandonment of Desiree, is not consistent with the factual evidence that petitioner had visited and cared for Desiree three or four times a week during that time. Family Court agreed with petitioner's evidence and found no abandonment, and this Court should defer to Family Court's resolution of such credibility questions (see, Matter of George L. v Commissioner of Fulton County Dept. of Social Servs., 194 AD2d 955, 957; Matter of Katherine D. v Christine D., 187 AD2d 587, 588, lv denied 81 NY2d 709).

Respondents' argument that the burden of proof was wrongly shifted to them is rejected. Those seeking to displace a biological parent of custody of a child always have the burden of proving the existence of extraordinary circumstances (see, Matter of Katherine D. v Christine D., supra).

Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.