■ In the Matter of MICHAEL GUZZEY, Respondent, v BURTON C. TITUS et al., Appellants. [632 NYS2d 872] —Spain, J. Appeals from an order and an amended order of the Family Court of Tioga County (Sgueglia, J.), entered December 9, 1994 and December 14, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of petitioner's child.

Petitioner and Rose Titus (now deceased) are the biological parents of Tyler (born May 4, 1990); respondents are Tyler's maternal grandparents. Rose, until the time of her death in July 1993, was custodial parent of both Tyler and his half brother, Jason (born May 20, 1986). After Rose's death respondents petitioned for custody of Tyler and Jason; petitioner thereupon cross-petitioned for custody of Tyler. An order was entered September 28, 1993, upon the stipulation of the parties, in which Family Court, *inter alia*, granted sole custody of Jason to respondents and joint custody of Tyler to petitioner and respondents, with respondents receiving physical custody of Tyler and petitioner being allowed visitation privileges.

Petitioner commenced this proceeding in March 1994 seeking sole custody of Tyler; respondents then filed a petition to modify the previous order, seeking sole custody of Tyler. Following a fact-finding hearing, Family Court awarded sole custody of Tyler to petitioner and allowed respondents to have visitation with the child. Respondents appeal contending that Family Court (1) failed to properly set forth those facts upon which it based its custody determination, and (2) applied the incorrect standard of law in making its custody determination.

We affirm. Although Family Court applied the correct legal standard in both its oral decision and the orders appealed from, it erred by failing to properly set forth "those facts upon which the rights and liabilities of the parties depend" (*Matter of Jose L. I.*, 46 NY2d 1024, 1025-1026; *see*, CPLR 4213 [b]; Family Ct Act § 165); however, the record is sufficiently complete to allow a custody determination by this Court in the interest of judicial economy and to avoid further delay (*see*, *Guinan v Guinan*, 102 AD2d 963; *Matter of Milton v Dennis*, 96 AD2d 628). "It is well established that as between a biological parent and a third person, parental custody may not be precluded absent a threshold showing of extraordinary circumstances * * * Accordingly, a parent may not be deprived of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances * * * Unless and until this condition is satisfied, the question of a child's best interest is

simply not reached" (*Matter of Zamoiski v Centeno*, 166 AD2d 781, 782, *lv denied* 77 NY2d 803, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [citations omitted]). In support of their contention that petitioner is an unfit parent, respondents presented evidence that petitioner, *inter alia*, had little contact with the child's mother during her pregnancy and had only sporadic contact after his birth until the mother's death. However, petitioner's uncontroverted testimony demonstrates that his attempts to visit were frustrated because she frequently changed residences and did not own a telephone. The record further reveals that petitioner had maintained consistent contact with Tyler since paternity was established and had repeatedly requested that respondents allow him additional visitation with his son; additionally, petitioner had a full-time job with a positive employment record and was current on his child support payments, while also making regular payments on an arrearage arising from the confinement costs of Tyler's mother. Viewed as a whole, the evidence in the record does not demonstrate either petitioner's unfitness or the existence of extraordinary circumstances which should divest petitioner of his right to enjoy custody of his son (*see, Matter of Culver v Culver*, 190 AD2d 960, 961; *Matter of Abaire v Himmelberger*, 163 AD2d 626; *Matter of Tyrrell v Tyrrell*, 67 AD2d 247, *affd* 47 NY2d 937). The fitness of respondents, which is clear from the record, is immaterial since the threshold burden of establishing extraordinary circumstances has not been met.

Finally, although respondents contend that the separation of Tyler and Jason amounts to extraordinary circumstances, we are of the view that petitioner should not be precluded from receiving custody of Tyler on that basis alone; we conclude that, under the circumstances of this case, the separation of the children does not rise to the level of extraordinary circumstances (*see, Matter of Tyrrell v Tyrrell, supra*, at 250-251).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and amended order are affirmed, without costs.