■ In the Matter of ALICIA GRAY, Respondent, v RAY CHAMBERS et al., Appellants. [634 NYS2d 864] —White, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered November 10, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of her child.

In November 1989, petitioner, then an unwed 17-year-old, gave birth to a son, Blaine. Upon being advised by the Department of Social Services that Blaine would be placed in foster care unless someone in her family cared for him, petitioner executed an agreement in May 1990 giving custody to respondents, petitioner's stepparents. Family Court "approved" the agreement several weeks later. In December 1992, petitioner commenced this proceeding seeking custody of Blaine. Family Court denied the petition, but we reversed and remitted for a new fact-finding hearing (206 AD2d 619). On remittal, Family Court found that respondents had not met their burden of establishing "extraordinary circumstances" and granted custody to petitioner. Respondents appeal.

It is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances (*see, Matter of Michael B.*, 80 NY2d 299, 309; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 546). Unless it is shown that one of these circumstances exists, the inquiry is at an end and the biological parent must be given custody of the child (*see, Matter of Male Infant L.*, 61 NY2d 420, 427).

The record here shows that, after Blaine's birth, petitioner and Blaine lived in a trailer park with a friend of petitioner, but within two months they moved in with respondents. Shortly after signing the custody agreement, petitioner moved to Pennsylvania, returning to New York with her boyfriend in August 1992 to live with respondents. This arrangement lasted until late December 1992 when petitioner went back to Pennsylvania, not returning to New York until August 1993. During this period, petitioner had a number of entry level jobs and residences. Despite these circumstances, she maintained contact with Blaine through frequent telephone calls and

monthly visits even though she encountered resistance from respondents. Respondents contend that Family Court erred in awarding petitioner custody since these facts show her unfitness, persistent neglect and significant bonding between them and Blaine.

We disagree and therefore affirm. While the evidence does show that petitioner has had a number of residences, lived at times with unsuitable companions and only gave sporadic attention to Blaine, we have held that such evidence, standing alone, is insufficient to establish the type of gross misconduct or other behavior evincing an utter indifference and irresponsibility necessary to supplant the biological parent (*see, Matter of Culver v Culver*, 190 AD2d 960, 961). Even though petitioner may not have financially supported Blaine or become involved in his educational or medical needs, such conduct does not constitute persistent neglect since she did maintain contact with him (*see, Matter of Judware v Judware*, 197 AD2d 752, 752-753; *Matter of Bisignano v Walz*, 164 AD2d 317, 319; *see also*, Social Services Law § 384-b [7] [a]). Further, psychological bonding is insufficient to qualify as an extraordinary circumstance where, as here, there has not been an extended period of custody disruption (*see, Matter of Bisignano v Walz, supra*, at 320). In short, what the record presents is the typical profile of an unwed teenage mother overwhelmed by her circumstances due to her immaturity and lack of parenting skills. Such deficiencies, which can be overcome, do not constitute extraordinary circumstances especially where, as here, they do not lead to a complete abdication of or inability to assume parental responsibilities (*compare, Matter of Reed v Crim*, 202 AD2d 1018; *Matter of Elinor D. v Mary Ann A.*, 199 AD2d 1080).

Finally, inasmuch as there was not an extended period of custody disruption, Family Court did not abuse its discretion in denying respondents' request for funds to retain an expert on the issue of bonding.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.