■ In the Matter of DIANE F. BURGHDURF, Appellant-Respondent, v SHEILA M. JONES ROGERS, Respondent-Appellant, et al., Respondent. [650 NYS2d 348] —Crew III, J. Cross appeals from an order of the Family Court of St. Lawrence County (Nelson, J.), entered April 18, 1995, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

Respondent Sheila M. Jones Rogers (hereinafter respondent) is the biological mother of a child, Britney, born in 1989. In November 1991, respondent moved to Oklahoma and executed a temporary order of custody for her child in favor of petitioner, Britney's maternal grandmother. Petitioner thereafter filed for custody of the child and respondent cross-petitioned for similar relief.[1] On the date set for trial, the parties entered into a settlement, which was reduced to a court order in February 1994, pursuant to the terms of which the child was to temporarily remain with petitioner, with scheduled visitations to respondent, at the conclusion of which Britney was to be returned

---

1. Although the child's biological father, respondent Michael Milmore, also petitioned for custody, his petition was subsequently withdrawn and he is not a party to this appeal.

to respondent. The anticipated date for the transfer of custody was July 1, 1994. Difficulties with this arrangement ensued and, following the filing of additional petitions, the matter proceeded to trial in December 1994, at the conclusion of which Family Court temporarily continued the child's physical placement with petitioner. Thereafter, by order entered April 18, 1995, Family Court concluded that although extraordinary circumstances existed warranting, temporarily, the continuation of Britney's placement with petitioner, her long-term best interest required that she be returned to respondent. Accordingly, Family Court modified its February 1994 order and provided that the transfer of custody would take place on July 1, 1996. These appeals by petitioner and respondent followed.[2]

As a starting point, inasmuch as custody of Britney was transferred to respondent on August 8, 1996, respondent's cross appeal is moot. Turning to petitioner's appeal, petitioner contends that she demonstrated the existence of extraordinary circumstances justifying an award of custody to her and, further, that a best-interest analysis mandates that she be granted custody of Britney. We cannot agree.

"It is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Gray v Chambers*, 222 AD2d 753, *lv denied* 87 NY2d 811; *see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 546, 549). In this regard, the burden of proving such extraordinary circumstances rests with the party seeking to displace parental custody (*see, e.g., Matter of Judware v Judware*, 197 AD2d 752, 753).

Here, the record fails to disclose any proof that respondent is an unfit parent or that she surrendered or abandoned her child. As to the issue of persistent neglect, although petitioner criticizes the quality and quantity of respondent's contacts with Britney while the child was living with petitioner, whatever deficiencies may have existed in this regard fall far short of constituting persistent neglect (*see, Matter of Culver v Culver*, 190 AD2d 960, 961).

We are similarly unpersuaded that there has been an extended disruption of custody. The child was born in March 1989 and, although not entirely clear from the record, it appears that respondent did not move to Oklahoma until November 1991. Additionally, as Family Court observed, the

---

2. Petitioner's request for a stay pending appeal was denied by this Court.

parties have been litigating the issue of custody for a substantial period of time, and it is well settled that little consideration should be given to any period of time during which the biological parent was seeking custody (*see, Matter of Male Infant L.,* 61 NY2d 420, 428-429; *Matter of Dickson v Lascaris,* 53 NY2d 204, 209-210).

Finally, although Family Court found that extraordinary circumstances existed based upon the psychological effect that a change in custody would have upon Britney, we cannot agree. In reaching this conclusion, we acknowledge that the psychologist who evaluated the parties and Britney testified that it would be in Britney's best interest for custody to remain with petitioner and, further, that a change in custody would be psychologically damaging to the child. This Court has repeatedly held, however, that the disruption of a psychological bond between a child and his or her nonparental caregiver does not rise to the level of extraordinary circumstances absent "unfitness, abandonment, persistent neglect or other gross misconduct or grievous cause" (*Matter of Culver v Culver, supra,* at 962; *see, Matter of Bisignano v Walz,* 164 AD2d 317, 320; *Matter of Dehar v Dehar,* 134 AD2d 656, 657), none of which are present here.

Accordingly, inasmuch as petitioner failed to establish the requisite extraordinary circumstances, her application for custody of Britney should have been denied. Petitioner's remaining arguments have been examined and found to be lacking in merit.[3]

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found that extraordinary circumstances existed warranting continuation of custody of Britney with petitioner and granted petitioner's application to that extent; said application denied; and, as so modified, affirmed.

---

3. As no extraordinary circumstances were demonstrated, Family Court erred in conducting a best-interest analysis in determining the application for custody (*see, Matter of Bisignano v Walz, supra*). Were we to reach that issue, however, we would agree that it was in Britney's best interest for custody to have been awarded to respondent.