■ In the Matter of BURTON C. TITUS et al., Appellants, v MICHAEL GUZZEY, Respondent. [664 NYS2d 163] —Spain, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered March 3, 1997, which, *inter alia*, denied petitioners' application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody and visitation order.

In December 1994 respondent's application for custody of his son Tyler (born in 1990) was granted and thereafter affirmed by this Court (*see, Matter of Guzzey v Titus*, 220 AD2d 976, *lv denied* 87 NY2d 807). In the earlier proceeding petitioners, who are Tyler's maternal grandparents, also sought sole custody of Tyler; however, that application was denied. Petitioners have sole custody of Tyler's half-brother Jason (born in 1986). Tragically, Rose Titus, petitioners' daughter and the children's biological mother, died in July 1993.

In May 1996 petitioners commenced the instant proceeding seeking an order, pursuant to Family Court Act article 6, modifying Family Court's previous order and granting petitioners sole custody of Tyler. Petitioners allege that "there has been a change of circumstances in that respondent has embarked upon a conscious course of conduct which has resulted in the infliction of severe emotional trauma to both brothers which has drastically affected both siblings' welfare and psychological well-being"; in the alternative, petitioners requested expanded visitation with Tyler or, further, that Jason be awarded visitation rights with Tyler. After a hearing wherein Family Court heard the testimony of petitioners, respondent, two of Tyler's maternal aunts, Jason's school psychologist, Tyler's special education teacher, respondent's life partner and two licensed psychologists, one called on behalf of petitioners and the other on behalf of respondent, and after conducting an in camera interview with Tyler, Family Court dismissed the petition. Family Court stated in its oral decision that it based its determination upon petitioners' failure to adequately set forth respondent's unfitness as a parent and/or the absence of any extraordinary circumstances.* Petitioners appeal.

The gravamen of petitioners' application for modification is their genuine and sincere effort to have the children reside together. However, as we have previously stated, "[respondent] should not be precluded from receiving custody of Tyler on that basis alone" (*Matter of Guzzey v Titus*, 220 AD2d 976, 977, *supra*). " 'It is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in

---

* We again determine that Family Court erred by failing to properly set forth " 'those facts upon which the rights and liabilities of the parties depend' " (*Matter of Guzzey v Titus*, 220 AD2d 976, quoting *Matter of Jose L. I.*, 46 NY2d 1024, 1025-1026; *see*, CPLR 4213 [b]; Family Ct Act § 165). However, we again conclude that "the record is sufficiently complete to allow a custody determination by this Court in the interest of judicial economy and to avoid further delay" (*Matter of Guzzey v Titus, supra,* at 976; *see, Guinan v Guinan*, 102 AD2d 963; *Matter of Milton v Dennis*, 96 AD2d 628).

the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances' " (*Matter of Burghdurf v Rogers*, 233 AD2d 713, 714, *lv denied* 89 NY2d 810, quoting *Matter of Gray v Chambers*, 222 AD2d 753, *lv denied* 87 NY2d 811; *see*, *Matter of Bennett v Jeffreys*, 40 NY2d 543, 546). Furthermore, changes in established child custody should only be made upon a demonstration of a sufficient change of circumstances which show a real need to effect a change in order to insure the best interest and welfare of the child or children, and "[t]hose seeking to displace a biological parent of custody of a child always have the burden of proving the existence of extraordinary circumstances" (*Matter of Judware v Judware*, 197 AD2d 752, 753; *see*, *Matter of Katherine D. v Christine D.*, 187 AD2d 587, *lv denied* 81 NY2d 709).

Upon our review of the record we agree with Family Court that petitioners failed to meet their burden of showing either respondent's unfitness as a parent or the existence of extraordinary circumstances sufficient to warrant a change of custody. Petitioners' claim that respondent "embarked upon a conscious course of conduct which has resulted in the infliction of severe emotional trauma to both brothers" is primarily based upon a December 1996 incident in which respondent and Jason got into a fight, resulting in respondent punishing him by not talking to him, and Jason's subsequent refusal to visit the child at respondent's home. Respondent admitted that he and Jason did indeed have a disagreement and stated that he punished Jason by not talking to him for the remainder of that visit. Although this "silent treatment" may be viewed as inappropriate conduct with unfortunate results, this one incident clearly does not support a determination that respondent engaged in a "conscious course of conduct".

The remainder of the testimony elicited on petitioners' behalf focused on the significant emotional trauma suffered by the children as a direct result of their separation from one another. In *Matter of Burghdurf v Rogers* (*supra*), this Court concluded that predicted psychological damage to a child did not rise to the level of extraordinary circumstances absent proof of unfitness or gross misconduct on the part of the parent. Further, factual findings of psychological trauma are "irrelevant and impermissible considerations unless they are sufficient to establish [a] respondent's persistent neglect or unfitness" (*Matter of Culver v Culver*, 190 AD2d 960, 961). Assuming, arguendo, that Tyler has suffered some degree of emotional trauma as a natural consequence of the separation, we nonetheless conclude

that the record is devoid of any proof of neglect, abuse or unfitness on respondent's part, thereby precluding a finding of the existence of extraordinary circumstances.

Further, although we find merit in petitioners' contention that Family Court erred in delaying the proceeding to allow the introduction of respondent's expert testimony (see, Vicinanzo v Vicinanzo, 193 AD2d 962), we conclude that in light of petitioners' failure to overcome their burden on their direct case such error was harmless, especially when our review of the entire record supports Family Court's conclusion (see, Matter of Burghdurf v Rogers, supra; Matter of Culver v Culver, supra).

Next, we flatly reject petitioners' contention that the application of the "extraordinary circumstances" doctrine is violative of the child's constitutional rights. Although the standard of Matter of Bennett v Jeffreys (40 NY2d 543, supra) indicates that the presumptive right of a parent to custody of a child can only be thwarted by a showing of extraordinary circumstances, and that, as a result, has the effect of subrogating a child's right to live with his or her sibling, the application of this standard protects the fundamental right of biological parents to raise their children (see, Stanley v Illinois, 405 US 645, 651). By including extraordinary circumstances as a basis for deviating from this presumption, the Court of Appeals has adequately provided for the protection of the interest of a child in situations where the State has a legitimate interest in interfering with the parents' right to raise their child.

We have considered petitioners' remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.