◼ In the Matter of DIANE F. BURGHDURF, Appellant, v SHEILA M. JONES ROGERS et al., Respondents. [682 NYS2d 702] —Crew III, J. Appeals from an order and amended order of the Family Court of St. Lawrence County (Nelson, J.), entered October 25, 1996 and November 13, 1996, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of her granddaughter.

The relevant facts are more fully set forth in this court's prior decision in this matter (233 AD2d 713, *lv denied* 89 NY2d 810). Briefly, respondent Sheila M. Jones Rogers (hereinafter respondent), who resides in Oklahoma, is the biological mother of a child, Britney, born in 1989. Petitioner, the child's maternal grandmother, and respondent have been involved in litigation regarding custody of the child since approximately 1991. By order entered April 18, 1995, Family Court directed, *inter alia,* that custody of Britney be transferred from petitioner to respondent on July 1, 1996. During that intervening period, the parties were to undertake efforts to provide for a smooth transition for Britney.

Instead of placing Britney on a plane to Oklahoma at the appointed time, however, petitioner commenced this proceeding again seeking custody of the child. In response, respondent filed a violation petition based upon petitioner's failure to relinquish custody of Britney in accordance with Family Court's prior order. Family Court conducted a hearing on the respective petitions in August 1996, at the conclusion of which Family Court, *inter alia,* dismissed petitioner's application and ordered that custody be immediately transferred to respondent, which occurred on or about August 8, 1996 (*see, id.,* at 714). This appeal by petitioner ensued.*

We affirm. As we stated when this matter was last before us, " '[i]t is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances' " (*id.,* at 714, quoting *Mat-*

---

* Following entry of the October 25, 1996 order and November 13, 1996 amended order from which these appeals are taken, this Court affirmed that portion of Family Court's April 18, 1995 order directing that custody be transferred to respondent (233 AD2d 713, *supra*). In so doing, this Court concluded, *inter alia,* that petitioner failed to establish the existence of extraordinary circumstances justifying an award of custody to her (*see, id.,* at 713).

*ter of Gray v Chambers,* 222 AD2d 753, *lv denied* 87 NY2d 811). As the party seeking to displace parental custody, petitioner bore the burden of demonstrating that such extraordinary circumstances existed here *(see, Matter of Titus v Guzzey,* 244 AD2d 684, 686, *appeal dismissed* 91 NY2d 921, *cert denied* 523 US 1139; *Matter of Judware v Judware,* 197 AD2d 752, 753). This she failed to do.

The record as a whole is devoid of any proof that respondent surrendered or abandoned her child. Nor is there any evidence to support a finding that respondent is an unfit parent. While it is clear from the record that petitioner believes that she is better suited to raise Britney, such belief does not establish that respondent is unfit to parent her daughter *(see, Matter of Stark v Kinnaw,* 212 AD2d 943, 944). As to the issue of persistent neglect, even assuming that respondent should have taken a more active interest in Britney's educational and medical needs during the time that Britney was residing with petitioner, her alleged shortcomings in this regard do not rise to the level of persistent neglect *(see, Matter of Gray v Chambers,* 222 AD2d 753, 754, *supra; Matter of Culver v Culver,* 190 AD2d 960, 961). Finally, in view of the lengthy and ongoing litigation in this matter, we do not find that there has been an extended disruption of custody, nor does the record present any other extraordinary circumstances sufficient to warrant an award of custody to petitioner.

As petitioner failed to demonstrate the existence of extraordinary circumstances, it was unnecessary for Family Court to engage in a best-interest analysis *(see, Matter of Gray v Chambers, supra; Matter of Bisignano v Walz,* 164 AD2d 317, 318). We nonetheless are persuaded that Family Court's decision to award custody to respondent was sound and, as such, should be affirmed. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and amended order are affirmed, without costs.