■ In the Matter of JERRY Q., Respondent, v MALISSA R., Respondent, and FLOSSIE S., Appellant. [731 NYS2d 271] —Rose, J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered September 9, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of a child born to petitioner and respondent Malissa R.

In 1999, soon after learning that he was the biological father of a son born on July 3, 1997 to respondent Malissa R. (hereinafter the mother), petitioner applied for sole custody of the child, who was then in the custody of the child's maternal grandparent, respondent Flossie S. (hereinafter the grandmother). Subsequently, the mother also petitioned for custody of the child. Finding, after trial, that the grandmother had failed to establish any exceptional circumstances warranting an award of custody to her, Family Court awarded

petitioner and the mother joint legal custody with petitioner having primary physical custody. The grandmother appeals and we affirm.

" 'It is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances' " (*Matter of Burghdurf v Rogers*, 233 AD2d 713, 714, *lv denied* 89 NY2d 810, quoting *Matter of Gray v Chambers*, 222 AD2d 753, *lv denied* 87 NY2d 811). "The burden of establishing the existence of such 'extraordinary circumstances' is upon the party seeking to deprive the natural parent of custody" (*Matter of Katherine D. v Christine D.*, 187 AD2d 587, 588, *lv denied* 81 NY2d 709; *see, Matter of Burghdurf v Rogers*, 256 AD2d 1023, 1024; *Matter of Titus v Guzzey*, 244 AD2d 684, 686, *appeal dismissed* 91 NY2d 921, *cert denied* 523 US 1139).

The grandmother here failed to establish any extraordinary circumstances sufficient to warrant consideration of whether it was in the child's best interest to be in the custody of the grandmother rather than his biological parents (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 544). Family Court reasonably accepted petitioner's explanation that his ignorance of the child's paternity caused his initial separation from the child and concluded that petitioner does not consume alcohol based on testimony that, despite excessive drinking in the past, he had not drunk alcohol in the past eight months. As to the allegation that petitioner had an illicit sexual relationship with a 15-year-old girl, the record indicates that petitioner denied such a relationship and the only evidence presented is the grandmother's testimony that she saw him in bed with the girl. Also, as Family Court noted, even if the grandmother's testimony were credited, there still is no proof that such conduct might adversely affect the child's welfare, particularly in light of a psychological report discounting its affect on petitioner's fitness as a parent. Finally, while Family Court's decision did not specifically address the child's weight loss and respiratory problems, we note that there is no evidence in the record of medical neglect on the part of petitioner. Accordingly, we find that Family Court did not err in granting petitioner and the mother joint custody of the child.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.