■ In the Matter of Leslie K. Cortright, Appellant, v Peter K. Workman et al., Respondents. [757 NYS2d 628] —Crew III, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered March 1, 2001, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' child.

Respondents are the biological parents of a child born in May 1999. In November 2000 petitioner, the child's paternal grandmother, commenced this proceeding seeking custody of the child. Respondents opposed the application and cross-petitioned for similar relief. At the conclusion of the fact-finding hearing that followed, Family Court granted respondents' motion to dismiss, finding that petitioner had failed to demonstrate the existence of extraordinary circumstances sufficient to warrant depriving respondents of custody. This appeal by petitioner ensued.

---

We affirm. "As the case law makes abundantly clear, a biological parent has a right to custody of his or her child[ ], superior to that of all others, absent surrender, abandonment, persistent neglect, unfitness or other like extraordinary circumstances, and the burden of proving such extraordinary circumstances lies with the party attempting to divest the biological parent of custody" (*Matter of Ciampa v Ciampa*, 301 AD2d 876, 877 [2003] [citations omitted]). Based upon our review of the record as a whole, we agree with Family Court that petitioner failed to meet that burden here and, accordingly, her petition for custody was properly dismissed.

Although the record indeed reflects that respondents on occasion left their daughter with petitioner for a period of time, there is nothing in the record to suggest that respondents abandoned, surrendered or voluntarily relinquished custody of their child. Further, while it appears that petitioner routinely provided care for the child during the first 18 months of the child's life, one or both respondents were living with and/or maintained regular contact with petitioner during this same time period. Thus, the record as a whole fails to disclose either a prolonged period of disruption in custody or a complete abdication of parental rights and responsibilities.

To be sure, respondents' youth and lack of maturity lead to lapses in parental judgment, but the deficiencies alleged do not provide a sufficient basis upon which to deprive respondents of custody (*see Matter of Eger v Garafolo*, 251 AD2d 770, 772-773 [1998]; *Matter of Gray v Chambers*, 222 AD2d 753, 754 [1995], *lv denied* 87 NY2d 811 [1996]). Nor does the purportedly sporadic nature of the attention given to the child by respondents rise to the level of persistent neglect (*see Matter of Culver v Culver*, 190 AD2d 960, 961 [1993]). To the extent that petitioner contends that respondents failed to provide their daughter with her prescribed asthma medication, the record as a whole fails to substantiate this allegation (*compare Matter of Simpson v Abare*, 216 AD2d 633 [1995]). Finally, although petitioner contends that the child is psychologically bonded to her, there is nothing in the record to suggest that the disruption of such bond would result in "psychological trauma grave enough to threaten destruction of the child" (*Matter of Bisignano v Walz*, 164 AD2d 317, 320 [1990]). Thus, while it is apparent that petitioner believes herself to be a superior custodian, it is equally apparent that she failed to demonstrate the existence of extraordinary circumstances sufficient to warrant depriving respondents of custody (*see Matter of Burghdurf v Rogers*, 256 AD2d 1023, 1024 [1998]). Family Court's order is, therefore, affirmed.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.