Egan Jr., J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered March 13, 2009, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner is the paternal grandmother of two children born in 2004 and 2005. In 2008, the children were removed from the custody of their mother, respondent Melinda Z. (hereinafter the mother), and placed with respondent Warren County Department of Social Services (hereinafter DSS) pursuant to an emergency hearing held after DSS filed a Family Ct Act article 10 neglect petition against the mother. Petitioner commenced this Family Ct Act article 6 proceeding requesting that a prior order of visitation be modified to grant her custody of the two children.[1] After a dispositional hearing, during which the mother consented to a finding of neglect but opposed the custody petition, Family Court, by order entered March 13, 2009, dismissed petitioner’s application. Petitioner now appeals.
Family Ct Act § 1055-b permits Family Court to award custody under Family Ct Act article 6 to a relative or other suitable person as a dispositional option in a Family Ct Act article 10 proceeding when the court finds that (1) such an award is in the best interests of the child, (2) the safety of the child will not be jeopardized if the respondent in the article 10 proceeding is no longer under supervision or receiving services, (3) the award will provide the child with a safe and permanent home, and (4) all parties to the article 10 proceeding consent (see Family Ct Act § 1055-b [a] [i], [ii], [iii], [iv]). The court may also grant *721 such custody where, as here, a parent “fail[s] to contest[2] the granting of custody or guardianship . . . [and] the court finds that extraordinary circumstances exist” (Family Ct Act § 1055-b [a] [v][A]), or when a party, other than the parent, “fail[s] to consent to the granting of custody . . . under article six” and the court finds that granting such custody is in the best interests of the children (Family Ct Act § 1055-b [a] [v] [B]).
“[A] biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances” (Matter of Gray v Chambers, 222 AD2d 753, 753 [1995], lv denied 87 NY2d 811 [1996]; accord Matter of VanDee v Bean, 66 AD3d 1253, 1254 [2009]). “ ‘[P]ersistent neglect’ sufficient to rise to the level of an extraordinary circumstance . . . requires a showing of statutorily defined ‘permanent neglect’ ” (Matter of Bisignano v Walz, 164 AD2d 317, 320 [1990]; see Social Services Law § 384-b [4] [d]) such that the “parent has failed either to maintain substantial, repeated and continuous contact with a child or to plan for the child’s future” (Matter of Bisignano v Walz, 164 AD2d at 320; see Social Services Law § 384-b [7] [c]; cf. Matter of Donna KK. v Barbara I., 32 AD3d 166, 169 [2006]). Likewise, an extended disruption of custody has been defined to include a prolonged separation of the parent from a child “for at least [24] continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of [a nonparent]” (Matter of Gale v Gray, 39 AD3d 903, 904 [2007] [internal quotation marks and citation omitted]). Other factors to be considered in determining whether extraordinary circumstances exist include incidents of domestic violence (see Matter of Turner v Maiden 70 AD3d 1214, 1215 [2010]), as well as “the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role” (Matter of Bevins v Witherbee, 20 AD3d 718, 719 [2005]; accord Matter of Cumber v O’Leary, 56 AD3d 1067, 1070 [2008]; Matter of Gale v Gray, 39 AD3d at 905). Finally, where there is conflicting evidence on relevant issues, we accord great deference to Family Court’s findings of fact and credibility *722 determinations (see Matter of Bronson v Bronson, 63 AD3d 1205, 1206 [2009]).
Here, we are unpersuaded that Family Court erred in determining that petitioner failed to establish the extraordinary circumstances required to support her petition for custody of the two children (see Matter of Mercado v Mercado, 64 AD3d 951, 952 [2009]). At the dispositional hearing, there was no testimony elicited evidencing the mother’s unfitness or that she had or intended to surrender or abandon the children. Although the mother consented to a finding of neglect under Family Ct Act article 10, there was no evidence that the mother failed to maintain contact with her children or that she failed to plan for their future so as to constitute “persistent neglect” (Matter of Bisignano v Walz, 164 AD2d at 320; see Social Services Law § 384-b [4] [c]; [7] [c]; cf. Matter of Donna KK, v Barbara I., 32 AD3d at 169). Likewise, petitioner failed to establish that the children resided with her during a prolonged separation from the mother so as to constitute an extended disruption of the mother’s custody (see Matter of Gale v Gray, 39 AD3d at 904). While petitioner testified that she had sufficient funds from her disability payment and her own mother to take care of the children, she also stated that she would receive money for the children from her estranged husband, who was ordered to stay away from the children because of allegations that he sexually abused them. Petitioner’s testimony reveals that she moved multiple times, was unsure how she would provide health insurance for the children and had not looked into schooling for the children. Finally, while her husband and son were prohibited from direct contact with the children because of allegations of sexual abuse, petitioner expressed a lack of knowledge about these allegations. We concur with Family Court that while petitioner’s motivation was sincere, she has neither prepared for nor has the ability to provide for the children on a full-time basis.
Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

. A second petition was commenced by petitioner seeking custody of the mother’s son (born in 2001), who was from another relationship and who had also been removed from the mother’s custody and placed with DSS. This petition—and the custody of this child—are not part of this appeal.

. The word “contest” is used in the statute although when considered in context it should probably he “consent” (see Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1055-b, at 118-119 [use of word “consent”]; Family Ct Act § 1089-a [a] [iv] [A] [analogous statute using word “consent”]).