■ In the Matter of MILDRED PP., Appellant, v SAMANTHA QQ. et al., Respondents. (And Two Other Related Proceedings.) [973 NYS2d 418]—

Rose, J.P. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered March 16, 2012, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' child.

Petitioner is the maternal grandmother of a child (born in 2006) of respondent Samantha QQ. (hereinafter the mother) and respondent Jorge QQ. (hereinafter the father). Pursuant to a 2008 order entered on stipulation, the mother was awarded sole custody of the child and petitioner was granted alternate weekend visitation. The father was incarcerated in 2009 and later deported. In 2010, petitioner commenced this proceeding seeking to modify the prior order by granting her sole custody based on allegations of the mother's maltreatment and abuse of the child. The mother filed a cross petition seeking custody, and petitioner filed a family offense proceeding against the mother. Following a fact-finding hearing, Family Court, among other things, determined that petitioner had not established extraordinary circumstances and granted sole custody to the mother.

---

Petitioner appeals, arguing that the mother persistently neglected the child and is an unfit parent. We are not persuaded. " '[A] biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances' " (*Matter of Ferguson v Skelly*, 80 AD3d 903, 904 [2011], *lv denied* 16 NY3d 710 [2011], quoting *Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996]). Significantly, the nonparent seeking custody bears a heavy burden of establishing the existence of extraordinary circumstances (*see Matter of Marcus CC. v Erica BB.*, 107 AD3d 1243, 1244-1245 [2013]; *Matter of James NN. v Cortland County Dept. of Social Servs.*, 90 AD3d 1096, 1097 [2011]).

Persistent neglect will be found where the parent "has failed either to maintain substantial, repeated and continuous contact with a child or to plan for the child's future" (*Matter of Wayman v Ramos*, 88 AD3d 1237, 1239 [2011], *lv dismissed* 18 NY3d 868 [2012] [internal quotation marks and citation omitted]; *accord Matter of Daniels v Lushia*, 101 AD3d 1405, 1406 [2012]). While relinquishing care and control of a child for a continuous period of 24 months will be considered an extraordinary circumstance (*see* Domestic Relations Law § 72 [2]; *Matter of Arlene Y. v Warren County Dept. of Social Servs.*, 76 AD3d 720, 721 [2010], *lv denied* 15 NY3d 713 [2010]; *Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]), petitioner concedes that no such period of separation occurred here (*see Matter of Ramos v Ramos*, 75 AD3d 1008, 1011 n 2 [2010]). Although the child had visits with petitioner that lasted multiple weeks and, on at least one occasion, three months, the record does not reflect a prolonged period of separation or "a complete abdication of parental rights and responsibilities" (*Matter of Cortright v Workman*, 304 AD2d 862, 863 [2003]).

Petitioner's claim that the mother is an unfit parent is based upon allegations that Family Court found to be either exaggerated or unsubstantiated and, therefore, not credible. While the mother did not present herself as a model of stability, our review of the record reveals no evidence that the child was negatively impacted by the mother's frequent moves and questionable relationships so as to rise to the level of extraordinary circumstances (*see Matter of Ramos v Ramos*, 75 AD3d at 1010-1012; *Matter of Gray v Chambers*, 222 AD2d at 754). According great deference to Family Court's fact-finding and credibility determinations (*see Matter of Turner v Maiden*, 70 AD3d 1214, 1216 [2010]), there is a sound and substantial basis in the record to

support the court's determination that petitioner failed to establish extraordinary circumstances (*see Matter of Burton v Barrett*, 104 AD3d 1084, 1085 [2013]; *Matter of Ramos v Ramos*, 75 AD3d at 1010-1012; *Matter of Cortright v Workman*, 304 AD2d at 863).

We have reviewed petitioner's claim that the attorney for the child provided ineffective representation and find it to be similarly unavailing.

Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.