(October 26, 1989)

In the Matter of WAYNE M. et al., Respondents, v FRANCIS N. et al., Respondents, and FRANCIS O. et al., Appellants. (And Another Related Proceeding.)—Mikoll, J. Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered March 23, 1988, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for custody of Travis, Traci, Krista-Ann and Chad N.

Travis, Traci, Krista-Ann and Chad N., born, respectively, in November 1978, September 1980, November 1982 and February 1985, are the children of Francis N. (hereinafter the father) and Carol N. (hereinafter the mother). They are the paternal grandchildren of Francis O. (hereinafter the grandfather) and Yvonne O. (hereinafter the grandmother) and the nephews and nieces of Sheila P., their paternal aunt (hereinafter collectively referred to as respondents). Respondents resided together in the Town of Dannemora, Clinton County. Pursuant to an order upon stipulation of the parties, dated April 24, 1987, respondents were awarded custody of the four children, with visitation rights to the mother and father. Subsequently, in November 1987, the four children were removed from respondents' home by the Clinton County De-

partment of Social Services (hereinafter the Department) by virtue of an order of Family Court. The Department filed a petition alleging that the parents and respondents inflicted, or allowed to be inflicted, physical injury on the children and impaired their physical, mental and emotional condition and failed to exercise a minimum degree of care in providing the children with adequate food, clothing, shelter and medical care. After a hearing was held regarding the removal pursuant to Family Court Act § 1028, at which only the Department presented evidence, Family Court denied the application by respondents for the return of the children.

A subsequent fact-finding hearing was held at which the parents made admissions that certain alleged domestic violence incidents had occurred in the presence of the children. Family Court found that the children were neglected and that the father and mother were chargeable with the neglect. Other evidence was then received against respondents. Thereafter, the Department moved to withdraw the petition against respondents, with their consent. The petition was dismissed as to them.

There was also a petition by Wayne and Sandra M., the children's maternal aunt and uncle, residents of Vermont, seeking custody. Following withdrawal of the neglect and abuse petition as to respondents, Family Court considered the custody petition. The court conducted a combined hearing as to whether the children should be placed with respondents as a dispositional alternative to the custody matter of the maternal aunt and uncle. Evidence concerning the custody question was received. The grandfather testified that he approved of the procedure whereby the grandmother and the aunt pierced Travis' fingernail with a drapery hook during September 1987. A Department caseworker recommended that the children remain in foster care for six months and that custody then be awarded to the maternal aunt and uncle. The grandmother testified that she slapped Travis the night they pierced his fingernail because he was hysterical, but she also testified that she slapped him when he later pointed a knife at her.

On March 18, 1988, Family Court read its oral decision into the record. The court noted the emotional stability of the maternal aunt and uncle and their concern for the children and concluded that the grandfather and the aunt were mentally and emotionally unstable. The court adopted the recommendations made by the Department. The custody order of March 23, 1988 directed, *inter alia,* that following the six-

month foster care period, custody of the children be awarded to the maternal aunt and uncle.

The subsequent fact-finding and disposition order dated June 20, 1988 noted that the petition against respondents had been withdrawn and dismissed. The order also adjudged that the children were neglected. The order directed that the children be continued in the custody of the Department for six months and thereafter custody be transferred to the maternal aunt and uncle. It contained a directive that the Burlington Social and Rehabilitation Services be requested to monitor the placement in the home of the maternal aunt and uncle for 18 months. The notices of appeal filed by respondents state that they are from the judgment, order or decision made March 18, 1988.

There should be an affirmance. Initially, it is noted that the notices of appeal each state that they are from the judgment, order or decision made March 18, 1988 and are, therefore, premature since the custody order was dated March 23, 1988. The neglect order was dated June 20, 1988. The brief on appeal for respondents states that both orders are being appealed. In the interest of judicial economy, we will treat the appeal as taken from the orders of March 23, 1988 and June 20, 1988 also and entertain the appeals on the merits (see, CPLR 5520 [c]; *Matter of Abbott v Conway,* 148 AD2d 909, *lv denied* 74 NY2d 608; *National Bank v Kory,* 63 AD2d 579, *lv denied* 45 NY2d 712).

We reject the contention of respondents that Family Court's failure to state the grounds for the neglect determination requires reversal. Family Court sufficiently met the requirement of stating the grounds for its finding (see, Family Ct Act § 1051 [a]) in its decision and, consequently, there is an adequate basis for appellate review (see, *Matter of Jose L. I.,* 46 NY2d 1024, 1026). It is apparent from Family Court's decision that the removal was in the children's best interests and it was not appropriate to return the children to respondents' residence in Dannemora.

Respondents' next argument, that the neglect order contravened the 18-month placement limit contained in Family Court Act § 1055 by placing the children for 24 months, 6 in foster care and 18 with the maternal aunt and uncle, is without merit. The dispositional hearing on the neglect petition and the custody proceeding were conducted together and were resolved through two separate but interrelated orders. The neglect order placing the children in the custody of the Department was for a period not to exceed six months. Cus-

tody was thereafter to be with the maternal aunt and uncle according to the order. An agency was requested to monitor the custody for 18 months. The orders were in the best interests of the children and in compliance with Family Court Act § 1052 (b) *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 93).

Respondents' contention that Family Court wrongly denied them visitation except upon approval of the children's mental health therapist is also without merit. In neglect dispositions, the visitation issue is often left to the discretion of the placement agency (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1055, at 444).

Respondents' claim that it was reversible error for Family Court to accept the admissions of neglect from the parents without obtaining the consent of respondents lacks merit. The consent of a corespondent is not required prior to accepting an admission of neglect. Family Court Act § 1051 (a) requires that upon the consent of all parties and the Law Guardian, the court shall enter a finding of neglect. However, the intent of the provision is to "ensure that the petitioner as well as the respondent agree to a consent decree" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1051, at 412).

Respondents' argument that the order which dismissed the petition against them was fatally defective because it did not state the reasons for the dismissal as required by Family Court Act § 1051 (c) is rejected. It is apparent from the record that after the dismissal upon consent, respondents would be considered for custody in the alternative. Moreover, respondents did not object to the withdrawal and dismissals and appeared before Family Court to be considered as a placement alternative. Thus, they were not harmed and, by their conduct, have waived the objection. Further, there is an adequate record for appellate review.

Finally, we find no merit to respondents' claim that Family Court exceeded its authority in ordering the Department to request services from another agency. The order does not interfere with the Department's discretion and does not affect respondents in any case.

Orders affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.