■ In the Matter of SCOTT FF., Respondent, v LAURENE EE., Appellant. [717 NYS2d 401] —Carpinello, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered May 6, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

Petitioner is the biological father of nine-year-old Lauretta and the stepfather of 13-year-old Richard. Respondent is the children's biological mother. Although never married, the parties have been together since 1989 with some intermittent periods of estrangement. In January 1997, petitioner, who is the only father Richard has ever known, relocated to Texas. In the months following his departure, the children were periodically left alone by respondent while she indulged in a drug habit or were left with caretakers without respondent returning for them or making alternative arrangements for their care. Respondent's conduct resulted in a June 3, 1997 adjudication of neglect and the filing of an additional neglect petition on June 30, 1997. Between March 1997 and September 1997, respondent spent a considerable amount of time in jail having been arrested on three occasions and ultimately convicted on two counts of endangering the welfare of a child and attempted petit larceny. The children have been in foster care since late June 1997.

Upon learning of respondent's incarceration and the placement of the children in the custody of the Schenectady County Department of Social Services, petitioner sought custody of both children. Following Family Court's finding that respondent again neglected the children, the petition for custody was consolidated with the dispositional hearing in the second neglect proceeding. Following this combined hearing, Family Court awarded petitioner sole custody of Lauretta and Richard. On this appeal, respondent does not take issue with Family Court's finding that she neglected the children or its decision to award petitioner custody of Lauretta; rather, the sole argument on appeal is that Family Court erred in granting petitioner custody of Richard. We disagree.

Contrary to respondent's contention, petitioner sustained his burden of establishing extraordinary circumstances sufficient to justify depriving her of custody of her son (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *Matter of Parker v Tompkins*, 273 AD2d 890, *lv denied* 95 NY2d 762; *Matter of Parliament v Harris*, 266 AD2d 217). These circumstances include the two findings of neglect against her, her recent convictions for attempted petit larceny and endangering the welfare of a child, her lack of consistent visitation with the children while they were in foster care and she was out of jail and an apparent drug problem (*cf., Matter of Guzzey v Titus*, 220 AD2d 976, *lv denied* 87 NY2d 807). We further find that the issue of sibling separation was an appropriate fact to take into account on the issue of exceptional circumstances (*see, Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 294). The record reveals that both children have an unquestionable desire to remain together. Leaving one in foster care and one in Texas with petitioner would be particularly inapt and heartless given their strong sibling bond and given the turmoil they have endured since early 1997.

We are equally satisfied that Richard's best interest would be served by an award of custody to petitioner, who has been the only father that he has known since infancy (*see, Matter of Bennett v Jeffreys, supra*). While the living arrangements in Texas may not be ideal—petitioner's job as a truck driver keeps him away from home a significant amount of time—the record reveals that he has a solid extended family base to help guide and rear the children. Of note, a home study prepared by the Texas Department of Protective and Regulatory Services was positive, reporting that the home in which respondent lived with his brother and sister-in-law was clean and adequately furnished. The study was also extremely complimentary about the capacity of each of these individuals to care for the children and provide them with a stable and healthy environment.

Mercure, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.