■ In the Matter of CHRISTINA BB. and Others, Children Alleged to be Abused and/or Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARRY BB., Appellant. [738 NYS2d 135] —Rose, J. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), entered January 19, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Petitioner alleged that respondent, during visitation with his children, had exposed his 10-year-old son, Bradley, to a substantial risk of physical injury (*see*, Family Ct Act § 1012 [e] [i], [ii]), and that his daughters, Christina, then age 11, and Victoria, then age 6, had been inadequately supervised and subjected to excessive corporal punishment (*see*, Family Ct Act § 1012 [f] [i] [B]). At the conclusion of a fact-finding hearing, Family Court determined that Bradley was abused and all three children were neglected, and scheduled a dispositional hearing. After the dispositional hearing, Family Court issued an order, inter alia, placing respondent under petitioner's supervision and temporarily enjoining him from having further contact with his children. Respondent appeals.

We initially find no merit in petitioner's contention that this appeal should be dismissed for respondent's failure to appeal Family Court's fact-finding order, since taking an appeal from a final order necessarily brings up for review any predicate fact-finding order (*see*, CPLR 5501 [a] [1]; *Matter of Gentry v Littlewood*, 269 AD2d 846, 847; *Matter of Cicardi v Cicardi*, 263 AD2d 686, 686). The fact that respondent could have taken an appeal as of right from the fact-finding order (*see*, Family Ct Act § 1112 [a]) does not change this result.

Turning to respondent's contentions, we note that a finding of child abuse is warranted upon a showing that the parent inflicted or created a significant risk of physical injury to his or

her child by nonaccidental means which is likely to cause "protracted impairment of physical * * * health or protracted loss or impairment of the function of any bodily organ" (Family Ct Act § 1012 [e] [i], [ii]). Here, Family Court found Bradley's and Christina's testimony that respondent shot Bradley in the forehead with a BB gun to be credible, and we note that such sworn, in-court testimony need not be corroborated (cf., Family Ct Act § 1046 [a] [vi]; Matter of Jared XX., 276 AD2d 980, 981). Although respondent denied shooting Bradley and respondent's nephew confirmed this, the court expressly gave no credence to respondent and impliedly discounted the testimony of his witnesses. Thus, notwithstanding respondent's claim that the children lied, Family Court's factual finding of abuse with regard to Bradley has support in the record and we decline to disturb it (see, Matter of Gerrod BB., 284 AD2d 584, 585; Matter of Erinn G., 249 AD2d 879, 880). Further, we summarily reject respondent's alternate contention that the BB gun incident, even if true, could not have put Bradley at risk of a serious injury, for it ignores the obvious risk of loss of eyesight.

Family Court's neglect findings are also supported by the evidence. Social worker Diana Pearce, who had counseled each of respondent's children, testified that they each suffer from posttraumatic stress disorder, and she fully described its causes and manifestations here. Moreover, Pearce noted that the children's emotional condition improved upon termination of visitation with respondent, and the children's own testimony confirms that respondent had barraged them with horrible threats of physical violence. This testimony fully supports the finding that the children suffered from an impaired mental or emotional condition as a result of respondent's conduct (see, Family Ct Act § 1012 [f] [i]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.