■ In the Matter of JOHN KK., Appellant, v GERRI KK., Respondent. (And Three Other Related Proceedings.) [755 NYS2d 513] —Mercure, J.P. Appeals (1) from an order of the Family Court of Warren County (Breen, J.), entered June 8, 2001, which, in two proceedings pursuant to Family Ct Act article 6, inter alia, dismissed petitioner John KK.'s application for modification of a prior custody order and granted petitioner Sheila MM.'s application for custody of John LL. and Jared KK., (2) from an order of said court, entered September 18, 2001, which dismissed petitioner John KK.'s application, in a proceeding pursuant to Family Ct Act article 6, for modification of the order awarding custody of the children to Sheila MM., and (3) from an order of said court, entered December 5, 2001, which, in a proceeding pursuant to Family Ct Act article 10, adjudicated John LL. and Jared KK. to be neglected and placed them in the custody of petitioner Warren County Department of Social Services.

In January 2001, petitioner Warren County Department of Social Services (hereinafter DSS) removed Gerri KK.'s two minor children from her custody and Family Court entered a temporary order of removal. Thereafter, DSS filed a neglect petition under Family Ct Act article 10 against Gerri KK., seeking a determination that the children were neglected. The children's father, John KK., filed a petition seeking modification of a prior Family Court order that awarded sole custody of the children to Gerri KK. and requesting sole custody of the children. In addition, the maternal aunt, Sheila MM., filed a petition seeking custody of the children. Following a fact-finding hearing, Family Court ordered that the children be placed in the temporary custody of Sheila MM.

In April 2001, Family Court conducted a dispositional hearing with respect to the neglect proceeding and considered John KK.'s custody modification petition and Sheila MM.'s petition

---

for custody. By decision and order entered June 8, 2001, Family Court awarded sole legal custody of the children to Sheila MM. and denied John KK.'s application for custody of the children. Following another hearing on an August 2001 petition by John KK. seeking custody of the children based on a change in circumstances, Family Court dismissed John KK.'s application for custody in an order entered September 18, 2001. After Sheila MM. indicated that she wanted to relinquish custody of the children, Family Court entered a redisposition order on December 5, 2001 which, inter alia, terminated Sheila MM.'s custody of the children and placed the children in DSS's custody for a period of 12 months.* John KK. appeals from the June 8, September 18 and December 5, 2001 Family Court orders.

John KK. challenges Family Court's denial of his petition for custody, asserting that Family Court improperly adjudged him to be "unfit" in the absence of a formal petition pursuant to Family Ct Act article 10 having been filed against him. Instead, DSS's assertion that petitioner was unfit to parent the children was made in its answer to John KK.'s Family Ct Act article 6 petition requesting modification of the prior custody order and sole custody. John KK. argues that the burden of proof was impermissibly shifted to him and that the determination is not supported by legally sufficient evidence.

As an initial matter, we reject as meritless John KK.'s assertion that Family Court never advised him of his right to counsel and, thus, reversal is warranted. A review of the transcript of the parties' January 10, 2001 appearance indicates that the court advised John KK. of both his right to counsel and his right to an adjournment to obtain same. John KK. additionally argues that Family Court could not deny his Family Ct Act article 6 petition for modification of the prior order of custody unless DSS filed a Family Ct Act article 10 petition against him and the procedural and substantive standards of that article were invoked. We conclude, however, that Family Court applied the proper standard governing a biological parent's claim for custody: "[I]ntervention by the State in the right and responsibility of a [biological] parent to custody of her or his child is warranted if there is first a judicial finding of surrender, abandonment, *unfitness*, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" (*Matter of Bennett v*

---

* Upon DSS's subsequent petition, Family Court extended the placement until September 17, 2003.

*Jeffreys,* 40 NY2d 543, 549 [emphasis added]; *see Matter of Diane FF. v Faith GG.,* 291 AD2d 671, 672; *Matter of Alex LL. v Albany County Dept. of Social Servs.,* 270 AD2d 523, 526-527). After concluding that extraordinary circumstances existed, the court then properly analyzed whether the best interests of the children would be served by a grant of custody to their maternal aunt, as opposed to their parents (*see Matter of Bennett v Jeffreys, supra* at 544). In addition, Family Court did not err by considering John KK.'s article 6 petition and DSS's article 10 neglect petition against Gerri KK. in the same dispositional hearing (*see e.g. Matter of Scott FF. v Laurene EE.,* 278 AD2d 539, 539).

We further conclude that the burden of proof was not impermissibly shifted to petitioner and that ample evidence supports Family Court's determination that extraordinary circumstances existed here. Gerri KK. testified that John KK. had engaged in domestic violence in the presence of the children. John KK. testified under cross-examination or questioning by the court that he had a history of illegal drug use for which he had not attended counseling, had resided in 16 different residences since the birth of his oldest child in 1988, had failed to submit to a psychological evaluation at the direction of Family Court and had failed to pay child support in accordance with a prior court order directing payment of support. Based on this testimony, Family Court properly determined that John KK. was unfit (*see Matter of Diane FF. v Faith GG., supra* at 672; *Matter of Commissioner of Social Servs. of City of N.Y. [Tyrique P.],* 216 AD2d 387, 388; *cf. Matter of Gray v Chambers,* 222 AD2d 753, 754, *lv denied* 87 NY2d 811). Moreover, Family Court's subsequent determinations regarding the children's best interests have a sound and substantial basis in the record and, thus, should not be disturbed.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.