■ In the Matter of SAMUEL DIAZ, Respondent, v JOSELINE SANTIAGO, Appellant, et al., Respondent. [779 NYS2d 229]—In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from two orders (one as to each child) of the Family Court, Queens County (Salinitro, J.), dated February 20, 2003, which granted custody of the children to the father.

Ordered that the orders are affirmed, without costs or disbursements.

The father petitioned for custody of the subject children under Family Court Act article 6 while an abuse proceeding was pending against the mother under Family Court Act article 10. Following a dispositional hearing, the court issued orders which, in the article 10 proceeding, released the children to the father's custody and, in the article 6 proceeding, awarded custody of the children to the father. The mother has not appealed from the orders issued in the article 10 proceeding.

The mother's contention that the Family Court erred in granting custody of the children to the father in the Family Court Act article 6 proceeding without holding a separate hearing is unpreserved for appellate review and, in any event, is without merit (*see Matter of John KK. v Gerri KK.,* 302 AD2d 811 [2003]; *see also Matter of Ramazan U. Jr.,* 303 AD2d 516 [2003]; *Matter of Jason M.,* 146 AD2d 904, 905 [1989]).

The mother further contends that the Family Court impermissibly based its custody determination under article 6 on hearsay reports which were admitted into evidence at the dispositional hearing. This contention is unpreserved for appellate review as the mother did not object to the admission of the reports into evidence (*see Matter of Rush v Rush,* 201 AD2d 836, 837 [1994]) nor did she argue in the Family Court that the reports should only be considered in connection with the article 10 proceeding. In any event, the contention is without merit (*see Matter of Nilda S. v Dawn K.,* 302 AD2d 237, 238 [2003]).

Finally, the mother's contention that the Family Court erred in making a custody determination in the absence of forensic evaluations of the father and children is without merit. The mother did not request such evaluations (*see Matter of Yetter v Jones,* 272 AD2d 654, 656-657 [2000]), and the record does not indicate that they were necessary in order for the court to resolve the custody issue (*see e.g. Matter of Nunnery v Nunnery,* 275 AD2d 986, 987 [2000]; *Matter of Peters v Peters,* 260 AD2d 952, 953 [1999]; *Mascoli v Mascoli,* 132 AD2d 653, 654 [1987]). Santucci, J.P., Townes, Crane and Lifson, JJ., concur.