■ In the Matter of FELICITY II., Respondent, v LANCE RR., Appellant, et al., Respondent. [811 NYS2d 465]—

Mugglin, J. Appeal from an order of the Supreme Court (Rowley, J.), entered September 28, 2004 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for sole custody of respondents' child.

The dispositive issue presented by this appeal is whether a Family Ct Act article 6 petition for custody of a child made by a nonparent may be entertained by the court during the pendency of an order of placement and a permanency plan designed to reunite parent and child. In this case, for the reasons hereinafter expressed, we answer the question in the negative and reverse.

The child was born in 1998 and resided with her mother, respondent Rosanne QQ., until she was placed in foster care from January 2002 to October 2002 due to parental neglect. At that time, the child was placed with respondent Lance RR. (hereinafter respondent), her biological father, until May 2003 when, as a result of an act of domestic violence, the Tompkins County Department of Social Services (hereinafter DSS) petitioned to modify the existing Family Ct Act article 10 order and the child was then placed in the custody of petitioner, her maternal aunt. On December 5, 2003, respondent consented to an order of continued placement with petitioner for one year, wherein custody was awarded to DSS and a permanency plan was adopted to attempt to reunite respondent with his daughter. Although petitioner had apparently filed a Family Ct Act article 6 custody petition as of this date, the court announced it was not, at that point, entertaining it and directed respondent to either answer or move with respect to this petition. Respondent thereafter moved to dismiss the Family Ct Act article 6 custody petition for failure to state facts sufficient to establish the existence of extraordinary circumstances which would allow the court to award custody to a nonparent, and to dismiss it on the further grounds that it was barred by the disposition pending in the Family Ct Act article 10 proceeding. The motion to dismiss was denied by decision dated February 13, 2004 and, following extensive hearings, petitioner was granted custody and all visitation for respondent was suspended until further order. Respondent appeals.

Initially, we reject petitioner's procedural argument that the appeal from the denial of the motion to dismiss is time-barred by the provisions of Family Ct Act §§ 1112 and 1113. Respondent's appeal from the final custody order necessarily brings up for review any intermediate order of the court (*see* CPLR 5501 [a] [1]; *Matter of Christina BB.*, 291 AD2d 738, 738 [2002], *lv denied* 98 NY2d 605 [2002]).

Turning to the merits, we first observe that "[i]ntervention by the State in the right and responsibility of a [biological] parent to custody of her or his child is warranted if there is first a judicial finding of surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 549 [1976]). To aid in protecting the children of this state, the Legislature enacted Family Ct Act article 10 to establish procedures where children are, or are in danger of, being neglected by their parents. Pur-

suant thereto, the state has an obligation to attempt a reunification of the family unit by providing the services necessary to correct the problems which initially prompted intercession (*see* Social Services Law § 384-b [1]). To entertain a Family Ct Act article 6 petition for custody by a nonparent while the Family Ct Act article 10 order of placement is still in existence is to completely disrupt the parent's effort to reunite with the child, as Family Ct Act article 6 custody proceedings have no concomitant obligation on the part of DSS to make diligent efforts toward reunification of the family (*see generally Matter of Sheila G.*, 61 NY2d 368 [1984]).

Here, the problem is particularly acute because the extraordinary circumstances found which justified custody in the nonparent were the permanent neglect and unfitness of the parent, both of which were problems being addressed by the reunification plan designed by DSS. Moreover, under the present circumstances, rather than just showing compliance with the reunification plan, respondent would be faced with showing a significant change in circumstances to alter the custody determination made pursuant to Family Ct Act article 6. We, therefore, conclude that once an order of custody and placement under Family Ct Act article 10 has been made, the court may not entertain a Family Ct Act article 6 custody petition by a nonparent until the Family Ct Act article 10 order has expired. Our decision in *Matter of Marcy RR.* (2 AD3d 1199 [2003]) is distinguishable. Although Family Court jointly entertained a Family Ct Act article 10 petition and a Family Ct Act article 6 petition by a nonresident nonparent, no order of custody or placement of the children was made within the Family Ct Act article 10 proceeding. Thus, the issue presented here, whether an existing Family Ct Act article 10 order of custody and placement bars a Family Ct Act article 6 custody proceeding was neither raised nor addressed in that decision.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.