[819 NYS2d 582]

In the Matter of DONNA KK., Respondent, v BARBARA I., Respondent, and SCHUYLER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. (Proceeding No. 1.) In the Matter of KAYLEE F., a Child Alleged to be Neglected. SCHUYLER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; BARBARA I., Respondent-Appellant. (Proceeding No. 2.)

Third Department, July 13, 2006

### APPEARANCES OF COUNSEL

*Kristin E. Hazlitt, Schuyler County Department of Social Services*, Watkins Glen, for appellant and appellant-respondent.

*Yeshaya Poyurs*, Ithaca, for Barbara I., respondent and respondent-appellant.

*Daniel J. Fitzsimmons,*Watkins Glen, *Law Guardian*.

### OPINION OF THE COURT

Rose, J.

Respondent Barbara I. (hereinafter respondent) is the mother of Kaylee F. (born in 2005), who was removed from respondent's care at five weeks of age upon respondent's consent after she was hospitalized while intoxicated and with self-inflicted wounds requiring 68 stitches. The Schuyler County Department of Social Services (hereinafter DSS) commenced proceeding No. 2 pursuant to Family Ct Act article 10 alleging that respondent had neglected the child. Shortly thereafter, respondent's mother, petitioner Donna KK. (hereinafter the grandmother), commenced proceeding No. 1 to obtain custody of the child. While the neglect petition was pending and the child remained in foster care because DSS could not recommend any family member—including the grandmother—to assume her custody, Family Court scheduled a hearing on the custody petition over the objections of DSS and the child's Law Guardian. Although the court also directed that the child be returned to respondent at that time, that order was stayed by this Court.

Following the custody hearing, at which both DSS and the Law Guardian sought to demonstrate that the grandmother

was an unfit custodian, Family Court granted the grandmother's application for custody. That order was also stayed by this Court. Family Court then conducted hearings on DSS's neglect petition and found the child to be neglected. Deferring to its prior custody determination, however, Family Court made no placement determination in the dispositional phase of the neglect proceeding. DSS now appeals from both the custody order and the dispositional order, and respondent appeals from the determination of neglect and the dispositional order.*

DSS and the Law Guardian both argue that Family Court erred in considering the custody petition before resolving the issue of neglect. While we appreciate Family Court's desire to place the child with a family member as soon as possible, we agree that it was an abuse of discretion to hear and decide the custody application before resolving the issue of neglect because requiring DSS to defend its custody under Family Ct Act article 10 in a hearing under Family Ct Act article 6 frustrated its duty to plan for the child's return to respondent. Once the child was removed from respondent's custody and as long as she remained in foster care, DSS was obligated to use reasonable efforts to reunite respondent and her child (*see e.g.* Social Services Law § 384-b [1] [a] [iii]; Family Ct Act § 1055 [b] [iii] [C]; *Nicholson v Scoppetta*, 3 NY3d 357, 377-378 [2004]).

Here, these efforts primarily involved respondent's rehabilitation from substance abuse and facilitating visitation. DSS's plan for ultimate reunification would have continued even after a finding of neglect was made, would have been reviewed periodically if the child were in foster care, and would have afforded the return of custody to respondent upon completion of the plan without her having to show a change in circumstances. Although this case is distinguishable from *Matter of Felicity II. v Lance RR.* (27 AD3d 790 [2006]) because DSS did not apply to terminate respondent's parental rights, DSS had a comparable ongoing obligation to work with respondent for the benefit of both parent and child that was disrupted by the hearing of the grandmother's custody petition. Here, as in *Matter of Felicity II.*, the reverse sequence of proceedings is a problem "because the extraordinary circumstances found which justified custody

---

* Inasmuch as respondent's brief on appeal supports the position of the grandmother—who filed no brief—in opposing DSS's appeal of the custody determination and does not challenge the finding of neglect or the resulting dispositional order, we deem respondent's appeal to be abandoned (*see e.g. Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 n [2004]).

in the nonparent were the . . . neglect and unfitness of the parent, both of which were problems being addressed by . . . DSS" (*id.* at 792). In addition, Family Court's decision to proceed first with the custody proceeding imposed upon DSS the conflicting obligations of proving respondent's neglect in the neglect proceeding while opposing the grandmother's allegations of extraordinary circumstances in the custody proceeding based upon the same alleged neglect. In our view, the proper and more efficient use of judicial resources would have been to consider the custody application with the dispositional phase of the neglect proceeding (*see e.g. Matter of Marcy RR.*, 2 AD3d 1199 [2003]; *Matter of John KK. v Gerri KK.*, 302 AD2d 811, 813 [2003], *lv denied* 100 NY2d 504 [2003]; *Matter of Scott FF. v Laurene EE.*, 278 AD2d 539 [2000]; *Matter of Wayne M. v Francis N.*, 154 AD2d 837 [1989]). In such case, a finding of neglect would have supplied the threshold extraordinary circumstances needed by the grandmother and permitted DSS to more fully explore the appropriateness of the child's placement with her due to the wider range of hearsay evidence which is admissible at the dispositional phase (*see e.g. Matter of Chelsea K.*, 15 AD3d 794, 795 [2005], *lv dismissed* 4 NY3d 869 [2005]).

CREW III, J.P., PETERS, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the amended order entered October 14, 2005 is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Schuyler County for further proceedings not inconsistent with this Court's decision, and pending said proceedings, the child's placement is continued with the Schuyler County Department of Social Services.

Ordered that the order entered November 16, 2005 is modified, on the law and the facts, without costs, by reversing so much thereof as continued custody of the child with Donna KK.; matter remitted to the Family Court of Schuyler County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.