Matter of A.B. v D.W. (2007 NY Slip Op 27218)

Matter of A.B. v D.W.

2007 NY Slip Op 27218 [16 Misc 3d 578]

April 26, 2007

Ruhlmann, J.

Family Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 22, 2007

[*1]
In the Matter of A.B., Petitioner,
v
D.W. et al., Respondents.
[*2]Family Court, Monroe County, April 26, 2007

APPEARANCES OF COUNSEL

Office of Conflict Defender (Kerri E. Machado of counsel), for D.W., respondent. A.B., petitioner pro se. Daniel M. DeLaus, Jr., County Attorney (Peter A. Essley of counsel), for Monroe County Department of Human Services, Department of Social Services, respondent. Mary Beth Feindt, Law Guardian.

OPINION OF THE COURT

Dandrea L. Ruhlmann, J.
This is a novel case. The court considers whether it must both dismiss a Family Court Act article 6 custody petition of a relative with whom the child is currently placed under a Family Court Act article 10 proceeding that has been adjourned in contemplation of dismissal and amend the article 10 proceeding's permanency goal. By petition filed August 24, 2006, maternal aunt A.B. (petitioner aunt) filed a petition for custody of A.C. A.C. is currently placed in petitioner aunt's care under an order adjourning in contemplation of dismissal a neglect petition filed by Monroe County Department of Human Services, Department of Social Services (Department) against A.C.'s biological mother D.W. (respondent) (order of disposition entered Aug. 17, 2006, Robert B. Wiggins, J.). Respondent moves to dismiss the custody petition as premature. Petitioner aunt, the Department and the Law Guardian oppose the motion. The court denies the motion.

Statement of Facts

By petition filed January 31, 2006, the Department alleged that respondent neglected A.C. A.C. was removed from respondent's home and placed with petitioner aunt under supervision of the Department. By order entered August 16, 2006, the parties consented to an adjournment in contemplation of dismissal (ACD) and the court [*3]approved conditions including, inter alia, A.C.'s continued placement with petitioner aunt and supervised visitation between respondent and A.C., and that respondent undergo substance abuse, mental health and anger management counseling. A first permanency planning hearing (PPH) was held and the parties consented to an order entered December 11, 2006 continuing the goal of "return to parent." At the same time, petitioner aunt filed her custody petition. The proceeding was scheduled for a further PPH and for trial on the custody petition. The Department supports the custody petition and in its latest permanency report dated March 19, 2007 proposes a new permanency goal of "permanent placement with a fit and willing relative" (i.e., petitioner aunt). The Department never filed a petition alleging a violation by respondent of the ACD order. Respondent both moved to dismiss the custody petition and objects to the proposed change in the permanency goal. Respondent argues that the custody petition is premature and that the court is required to dismiss it based upon the New York State Supreme Court, Appellate Division, Third Department's holding in Matter of Felicity II. v Lance RR. (27 AD3d 790 [3d Dept 2006]).

Statement of Law

Felicity holds that after a placement order has been issued in a Family Court Act article 10 proceeding with a permanency goal of "return to parent," Family Court may not entertain a nonparent Family Court Act article 6 custody petition until the Family Court Act article 10 order expires. Although the Fourth Department has not addressed this issue and Third Department precedent is otherwise controlling, this court declines to follow Felicity both because (1) its specific finding is superceded by statute and legislative intent to promote permanency, and (2) the facts herein are distinguishable.

I. Felicity Analyzed

In Felicity, the child was removed from her biological mother and placed in foster care for approximately nine months from January until October 2002 under a Family Court Act article 10 order. In October 2002, the order was modified and the child was placed with respondent biological father under continued supervision. After approximately seven months, in May 2003, after an incident of domestic violence, the Family Court Act article 10 order was modified again and the child was placed instead with petitioner maternal aunt. On December 5, 2003, the father consented to a continued order of placement for one year and a permanency plan was adopted with a goal to reunite the father with his daughter.[FN1]

At the same time petitioner filed a Family Court Act article 6 custody petition and the father moved for its dismissal. Family Court denied the father's motion but the Third Department reversed holding that courts should not entertain Family Court Act article 6 custody petitions by nonparents while Family Court Act article 10 orders of placement are still in existence because to do so would "completely disrupt the parent's effort to reunite with the child, as Family Ct Act article 6 custody proceedings have no concomitant obligation on the part of [the Department] to make diligent efforts toward reunification of the family" (Felicity, 27 AD3d 790, 792 [2006] [citation omitted]).

II. Legislative Amendments

Felicity interpreted statutory law in effect prior to the December 2005 amendment of Family Court Act § 1017. Family Court Act § 1017 (2) (a) (i) now expressly authorizes courts to place a child in the custody of a relative pursuant to Family Court Act article 6 (see Matter of Crystal A., 13 Misc 3d [*4]235, 241 [Fam Ct, Clinton County 2006]). Family Court Act § 1089 (d) (2) (i) (D) also expressly authorizes a court at a PPH to determine whether the permanency goal should be, inter alia, "permanent placement with a fit and willing relative" (emphasis added); such language lends itself to the possibility of the relative then pursuing Family Court Act article 6 custody, if so desired. This statutory authority directly supercedes Felicity and this court must—as a matter of law—consider permanent Family Court Act article 6 placement with a fit and willing relative.
"[A] court must construe a statute in a manner that will give effect to every word, if possible, and every word, phrase, clause or paragraph must be presumed to have some meaning" (Matter of Tristram K., 36 AD3d 147, 151 [1st Dept 2006]). In Matter of Tristram K., the First Department held that Family Court Act § 1035 (f)—requiring parental consent for the grant of intervenor status to a nonparent relative in a Family Court Act article 10 proceeding—must be applied strictly as written and rejected the argument that recent amendments to the Family Court Act had impliedly repealed the consent requirement. The First Department also emphasized that the new permanency statutes were designed to enhance the role of family members in the disposition of child protective proceedings—and that such enhanced role relates exclusively to their availability as custodial resources for the child: "Indeed, the lack of intervenor status does not prevent suitable relatives from being considered as primary custodial resources of the child" (Matter of Tristram K., 36 AD3d 147, 152 [2006] [emphasis added]; see also Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1035, at 82-83 [refusal of respondent to consent to intervenor status does not preclude relatives from seeking to gain custody or to effect the custody decision], citing Matter of Ricky P., 135 Misc 2d 28 [Fam Ct, NY County 1987]).
Here, the court must consider placement of A.C. under Family Court Act article 6 and must consider alternative permanency goals including "permanent placement with a fit and willing relative" (Family Ct Act § 1089 [d] [2] [i] [D]; § 1017 [2] [a] [i])—i.e., petitioner aunt.

III. Factual Distinctions

In any event, even if not specifically superceded by statute, the Third Department itself expressly limited its Felicity holding to Family Court Act article 6 custody petitions filed after a final order of disposition issued pursuant to Family Court Act article 10 (see Matter of Donna KK. v Barbara I., 32 AD3d 166 [3d Dept 2006] [reconciling Felicity with its decision therein—ordering Family Court to consider a custody petition in conjunction with a dispositional hearing after a neglect finding]; see also Matter of Marcy RR., 2 AD3d 1199 [3d Dept 2003] [affirming Family Court's grant of Family Court Act article 6 joint custody to a relative resource issued after a joint hearing with a neglect dispositional hearing against respondent parent]). One Family Court has declined to extend Felicity to a Family Court Act article 6 custody petition filed before a final order of disposition[FN2]

(Matter of Crystal A., 13 Misc 3d 235 [Sup Ct, Clinton County 2006]).
Unlike Felicity, there was not a final order of disposition under Family Court Act article 10; indeed there was never even a finding of neglect; rather the matter was adjourned in contemplation of dismissal and a condition of such ACD was A.C.'s continued placement in the care and custody of [*5]petitioner aunt under the supervision of the Department. The permanency goal was "return to parent" and remained unchanged at the first PPH resulting in the December 5, 2006 order. The matter is currently scheduled for another PPH and the latest permanency report proposes a new goal of "permanent placement with a fit and willing relative" (i.e., petitioner aunt).
Respondent's motion to dismiss the custody petition is denied. The petition states a cause of action by alleging that there are extraordinary circumstances warranting a best interest analysis as to whether petitioner aunt should be granted custody. The pro se custody petition alleges, inter alia, that respondent "has not engaged in court-ordered services and is presently moving from place to place without a permanent stable residence" (custody petition ¶ 13). Although a natural parent has a claim of custody of her child superior to that of all others, a nonparent may prove that there are extraordinary circumstances, such as "surrender, abandonment, persisting neglect [or] unfitness" (Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976] [emphasis added]). Although there has not been a neglect finding against respondent and the Department has not filed a violation petition regarding the ACD order, the court takes judicial notice that respondent previously defaulted in appearance (although she was present in court on the date of this motion argument). Both the Department and the Law Guardian additionally support petitioner aunt's custody petition. Petitioner aunt should have the same right to seek custody as any nonparent—the right to prove extraordinary circumstances—and, if so proven, that it is in A.C.'s best interest that she be granted custody (see Matter of Crystal A., 13 Misc 3d 235, 240 [Sup Ct, Clinton County 2006] [where the court notes that Felicity creates a class of individuals who have greater protection regarding their custodial rights than the general population—ironically the protected class includes those who have been found to have neglected and/or abused their children]).

IV. Combined PPH and Custody Hearing

As the motion to dismiss the custody petition is denied and this matter is currently scheduled for a PPH and custody hearing, the court will jointly hold both hearings (see generally Matter of Logan AA, 14 Misc 3d 690 [Fam Ct, Clinton County 2006] [discussing consequences of holding simultaneous dispositional, permanency and custody hearings]). As courts have consistently held that a Family Court Act article 6 custody hearing shall take place jointly with a Family Court Act article 10 dispositional hearing after a neglect finding (Matter of Donna KK. v Barbara I., 32 AD3d 166, 169 [2006]; Matter of Marcy RR., 2 AD3d 1199 [2003]; Matter of John KK. v Gerri KK., 302 AD2d 811, 813 [3d Dept 2003], lv denied 100 NY2d 504 [2003]; see also Matter of Gordon B.B., 30 AD3d 1005 [4th Dept 2006]; Matter of Karen A.O. v Child Protective Servs., 6 AD3d 1100 [4th Dept 2004] [custody petitions should be considered in the context of dispositional hearings conducted after permanent neglect findings]), it is a natural extension of this case law in conjunction with the statutory mandates of Family Court Act § 1089 to hear both the PPH and custody hearing jointly as well. This is especially true where—as here—the Department seeks to change its permanency goal to "permanent placement with a fit and willing relative" in alignment with the goal of the custody petition.[FN3]

If petitioner aunt can meet her burden of proving extraordinary circumstances, A.C.'s best interest is of paramount concern in both hearings.
[*6]
Now, therefore, it is hereby ordered that respondent's motion to dismiss the custody petition is denied.

Footnotes

Footnote 1: It is unclear whether the original permanency goal was to return the child to her biological mother—the only respondent in the Family Court Act article 10 proceeding. Perhaps the biological mother, as petitioner's relative, supported the Family Court Act article 6 petition.

Footnote 2: The court therein noted the bizarre result that if a nonparent steps forward to take care of a child one day before a final Family Court Act article 10 order of disposition, the court must consider that relative's suitability but if the same person steps forward one day after a Family Court Act article 10 order of disposition, the court cannot even entertain the petition.

Footnote 3: Of course, as in the case of combined neglect dispositional and custody hearings, since petitioner aunt here is not of intervenor status (Family Ct Act § 1035 [f]) on the Family Court Act article 10 proceeding, she will not be able to participate with regard to the PPH. The court, as trier of fact, will be able to discern what proof relates to the parties' respective burdens.