■ In the Matter of SETH Z., a Child Alleged to be Neglected. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIANE Z., Respondent. DODY AA. et al, Appellants. (Proceeding No. 1.) In the Matter of DODY AA. et al., Appellants, v DIANE Z. et al., Respondents. (Proceeding No. 2.) [846 NYS2d 729]—

Carpinello, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered August 29, 2006, which, among other things, dismissed petitioners' application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the subject child.

The child who is the subject of these proceedings was removed from his mother's care under the emergency removal procedures outlined under Family Ct Act § 1024 and placed in a certified foster home. One day later, the Warren County Department of Social Services (hereinafter the Department) commenced a neglect proceeding against the mother, who was then incarcerated, based on allegations that she was using and selling drugs out of a hotel room where she resided with the child.[1] The mother ultimately admitted that she neglected the child and that aspect of this proceeding is not before us.

Rather, the issue on appeal stems from an application by the mother's sister and her husband (hereinafter the aunt and uncle) in the context of the neglect proceeding for an order approving them as suitable relatives to care for the child.[2] They also commenced a separate proceeding for custody pursuant to Family Ct Act article 6 naming the mother, the father and the Department as parties. The Department opposed the application on the ground that, in its opinion, the aunt and uncle were not suitable for placement of the child based on a home study and investigation pursuant to Family Ct Act § 1017. The Department also sought dismissal of the custody proceeding based upon this Court's then recent decision in *Matter of Felicity II. v Lance RR.* (27 AD3d 790 [2006]).[3] Family Court denied the application by the aunt and uncle and also dismissed their custody proceeding without a hearing, prompting this appeal.

The aunt and uncle argue that Family Court erred in summarily denying their application and dismissing their custody petition. They further assert that, because they are relatives capable of taking care of the child, Family Court should have placed the child with them. We first address the propriety of the court's decision to deny their application in the context of the neglect proceeding.

At the outset, we find that the Department fulfilled its obliga-

---

1. The child's father was also incarcerated at this time.

2. The Department deemed this to be an application by the aunt and uncle to be foster parents.

3. It appears that no party submitted an answer to the custody petition filed by the aunt and uncle.

tions in the course of its mandated Family Ct Act § 1017 investigation and no provision of this statute required a hearing. Following the emergency removal of the child from the mother's custody, the Department identified the aunt as a potential foster parent and/or custodian of the child, investigated the home she shared with the uncle and their children and submitted a report to Family Court recommending that this home was not suitable for placement (*see* Family Ct Act § 1017 [1]). The Department supported this recommendation with various documentation.

Under the statutory scheme, it was Family Court's obligation to determine if the aunt and uncle were suitable and, if so, to place the child in their custody pursuant to Family Ct Act article 6 or Family Ct Act article 10 (*see* Family Ct Act § 1017 [2] [a] [i]-[ii]; *but see Matter of Felicity II. v Lance RR., supra*) or place the child in the Department's custody but have him reside with the aunt and uncle pending their approval as foster parents (*see* Family Ct Act § 1017 [2] [a]). In the event that Family Court determined that the aunt and uncle were not suitable, it could place the child with the Department (*see* Family Ct Act § 1017 [2] [b]). Here, armed with the Department's report, as well as the aunt and uncle's response thereto, Family Court determined that there was no suitable relative with whom the child could appropriately reside and thus continued placement in the nonrelative foster home (*see* Family Ct Act § 1017 [1] [a]; [2] [b]). Upon our review of the record, we find no abuse of discretion in Family Court's decision to deny the aunt and uncle's application in the context of the neglect proceeding.

We next turn to the contention by the aunt and uncle that they were entitled to a hearing under Family Ct Act § 1028-a. To be sure, pursuant to this recently-enacted provision (*see* L 2005, ch 671), if a relative applies to become a foster parent to a child who has been temporarily removed from parental custody and is placed in nonrelative foster care, a court is required to hold a hearing only if certain conditions are met (*see* Family Ct Act § 1028-a [a] [i]-[v]). One such condition is where a local department of social services "has refused to place the child with the relative *for reasons other than the relative's failure to qualify as a foster parent*" (Family Ct Act § 1028-a [a] [iv] [emphasis added]).

Since the Department indicated that it would not place the child with the aunt and uncle *because* they would not qualify as foster parents (*see* 18 NYCRR 443.1, 443.7), the condition outlined under Family Ct Act § 1028-a (a) (iv) was clearly not met. Thus, we are unpersuaded that, under Family Ct Act

§ 1028-a, the aunt and uncle were entitled to a hearing. We note further that, even if the hearing procedures outlined under Family Ct Act § 1028-a were implicated, Family Ct Act § 1028-a (c) makes clear that "[n]o child, however, shall be placed with a relative prior to final approval . . . of such relative as a foster parent." Inasmuch as the aunt and uncle never actually submitted an application to become foster parents, there was no final approval to trigger this provision.

We now turn to the custody proceeding. To the extent that Family Court relied upon *Matter of Felicity II. v Lance RR. (supra)* to summarily dismiss it, we find that the rationale outlined in this decision has been superceded by subsequent amendments to the Family Ct Act (*see* Family Ct Act § 1017 [2] [a] [i]), which recognize and accept an interplay between Family Ct Act articles 6 and 10.

To be sure, while an appealing argument can be made that Family Court's finding of unsuitability for the purpose of placement within the context of the neglect proceeding seemingly renders any success in the custody proceeding unlikely— particularly on the issue of the child's best interest (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548-549 [1976])—we note that this finding was made without the benefit of a hearing and that the aunt and the uncle contested numerous aspects of the Department's report. Thus, while no hearing was mandated prior to the court's determination of suitability within the confines of Family Ct Act §§ 1017 and 1028-a under the facts of this particular case, the general right to a hearing within the confines of the Family Ct Act article 6 custody proceedings remains (*see e.g. Matter of Jacqueline Sharon L. v Pamela G.*, 26 AD3d 250, 252-253 [2006]; *Matter of Tristram K.*, 25 AD3d 222, 226 [2005]; *compare Matter of Donna KK. v Barbara I.*, 32 AD3d 166, 168-169 [2006]; *Matter of John KK. v Gerri KK.*, 302 AD2d 811, 813 [2003], *lv denied* 100 NY2d 504 [2003]; *Matter of Scott FF. v Laurene EE.*, 278 AD2d 539, 540 [2000]). In other words, nothing within the new provisions evinces a legislative intent to eliminate the right to a hearing in the context of Family Ct Act article 6 proceedings. Thus, the custody petition should be reinstated and answers, including any and all affirmative defenses, submitted.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed the custody proceeding; petition reinstated and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.