■ In the Matter of KENNETH S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BETHZAIDA P., Appellant; KENNETH S., Respondent. (Proceeding No. 1.) In the Matter of ALAN S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BETHZAIDA P., Appellant; KENNETH S., Respondent. (Proceeding No. 2.) [982 NYS2d 528]—

In two related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Anixiadis, Ct. Atty. Ref.), dated October 28, 2011, which denied her motion pursuant to Family Court Act § 1061 to vacate a "final order of custody" of the same court dated October 15, 2010.

Ordered that the order dated October 28, 2011, is reversed,

on the law, without costs or disbursements, the motion to vacate the "final order of custody" dated October 15, 2010, is granted, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that pending final determination of this matter, the subject children shall remain with Kenneth S.

As the mother argues, and as the Administration for Children's Services correctly concedes, the "final order of custody," awarding custody of the subject children to the father, who did not petition for custody, was an unauthorized disposition of the neglect proceedings commenced pursuant to Family Court Act article 10 (*see* Family Ct Act §§ 1052, 1061). Thus, the Family Court erred in denying the mother's motion to vacate that order, and the matter must be remitted to the Family Court, Queens County, for further proceedings which, under the circumstances of this case, should include a dispositional hearing and determination thereafter of the neglect proceedings and, if custody petitions are filed, hearings relating to those petitions (*see Matter of Tristram K.*, 25 AD3d 222 [2005]; *Matter of Diaz v Santiago*, 8 AD3d 562 [2004]).

Additionally, under the facts of this case, pending final determination of this matter, the children shall remain in the custody of the father.

In light of our determination, we need not reach the mother's remaining contentions. Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.