■ In the Matter of PAMELA JACKSON, Respondent, v DESIRE M. EUSON, Appellant, and ANTWAN ADSIDE, Respondent. [61 NYS3d 415]—

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered October 2, 2015 in a proceeding pursuant to Family Court Act article 6. The order awarded sole custody of the subject children to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, the paternal grandmother, commenced this proceeding pursuant to Family Court Act article 6 seeking custody of two of respondents' children. At the time petitioner commenced this proceeding, a petition pursuant to Family Court Act article 10 had been filed by the Niagara County Department of Social Services (DSS), alleging that the subject children had been neglected by respondent mother. Family Court heard both matters together, but conducted the fact-finding hearing for the neglect petition first. The court sustained the neglect petition based upon excessive corporal punishment and, following a dispositional hearing, initially awarded custody of one child to DSS, and custody of the other child to petitioner and respondent father. The hearing on the custody petition was then conducted, following which the court awarded custody of both children to petitioner.

We reject the mother's contention that the order awarding custody to petitioner lacks a sound and substantial basis in the record. Here, "[the] finding of neglect . . . supplied the threshold extraordinary circumstances needed by the [petitioner] grandmother" (*Matter of Donna KK. v Barbara I.*, 32 AD3d 166, 169 [2006]). The court's finding of extraordinary circumstances was further supported by evidence that the mother had virtually no insight into her mental health problems or the inappropriateness of her disciplinary methods (*see generally Matter of Marcia ZZ. v April A.*, 151 AD3d 1303, 1304-1305 [2017]; *Matter of Thomas v Armstrong*, 144 AD3d 1567, 1568 [2016], *lv denied* 28 NY3d 916 [2017]), and that she had refused to comply with the court's prior order directing her to obtain a mental health evaluation and enroll in parenting classes (*see Matter of Barnes v Evans*, 79 AD3d 1723, 1724 [2010], *lv denied* 16 NY3d 711 [2011]). Contrary to the mother's further contention, the record supports the court's determination that the award of custody to petitioner was in the children's best interests (*see Matter of Foster v Bartlett*, 59 AD3d 976, 977 [2009], *lv denied* 12 NY3d 710 [2009]). Finally, we reject the mother's contention that the court was biased against her. Both the mother and petitioner proceeded pro se at the custody hearing, and the record establishes that the court treated them evenhandedly and did not undertake the function of an advocate (*see Matter of Yehudah v Yehudah*, 144 AD3d 1046, 1047 [2016]). Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.