Matter of Miner v Torres (2020 NY Slip Op 00746)





Matter of Miner v Torres


2020 NY Slip Op 00746


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1066 CAF 16-02075

[*1]IN THE MATTER OF ESTELLE MINER, PETITIONER-RESPONDENT,
v
CARLOS J. TORRES, RESPONDENT-APPELLANT.
IN THE MATTER OF CARLOS J. TORRES, PETITIONER-APPELLANT,
v
DIANE M. RODRIGUEZ, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT. 
CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-RESPONDENT. 
CENTER FOR ELDER LAW & JUSTICE, BUFFALO (DAVID A. SHAPIRO OF COUNSEL), FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE YOON OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret A. Logan, R.), entered October 25, 2016 in proceedings pursuant to Family Court Act article 6. The order, among other things, awarded sole custody of the subject child to petitioner Estelle Miner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent-petitioner father appeals from an order that, inter alia, awarded custody of the subject child to the child's maternal grandmother (petitioner). In appeal No. 2, the father appeals from an order dismissing his custody petition against respondent Erie County Children's Services (ECCS).
With respect to appeal No. 1, the father contends that the Referee lacked the authority to render the custody determination because ECCS did not sign the stipulation for Family Court to refer the matter to a referee to hear and determine the issues raised therein. We reject that contention inasmuch as ECCS is not a party to either of the two petitions that were the subject of the stipulation of reference (see CPLR 2104, 4317 [a]). We further conclude that the father, who along with the other parties to those petitions stipulated to the reference in the manner prescribed by CPLR 2104, consented to the scope of the stipulation.
The father's challenge in appeal No. 1 to the temporary custody order is raised for the first time on appeal and thus is not preserved for our review (see generally Matter of Annabella C. [Sandra C.], 169 AD3d 1432, 1433 [4th Dept 2019]; Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). In any event, that challenge has been rendered moot by the issuance of the final custody order (see Matter of Shonyo v Shonyo, 151 AD3d 1595, 1597 [4th Dept 2017], lv denied 30 NY3d 901 [2017]).
We reject the further contention of the father in appeal No. 1 that the finding of extraordinary circumstances is not supported by the record. Affording great deference to the determination of the hearing court with its superior ability to evaluate the credibility of the testifying witnesses (see Matter of Cross v Caswell, 113 AD3d 1107, 1107 [4th Dept 2014]), we conclude that the finding of extraordinary circumstances is supported by evidence of the father's abandonment of his parental rights and responsibilities with respect to the child and his history of domestic violence (see Matter of McNeil v Deering, 120 AD3d 1581, 1582 [4th Dept 2014], lv denied 24 NY3d 911 [2014]; Matter of Barnes v Evans, 79 AD3d 1723, 1723-1724 [4th Dept 2010], lv denied 16 NY3d 711 [2011]).
Here, the evidence at the hearing established that the father was voluntarily absent from the child's life starting when she was eight months old and that he made minimal efforts thereafter to maintain a relationship with the child (see Matter of Greeley v Tucker, 150 AD3d 1646, 1647 [4th Dept 2017]; see also Matter of Rodriguez v Delacruz-Swan, 100 AD3d 1286, 1289 [3d Dept 2012]; cf. Matter of Tyrrell v Tyrrell, 67 AD2d 247, 249-251 [4th Dept 1979], affd 47 NY2d 937 [1979]). At most, the father spoke to the child by telephone twice during the five months that elapsed between his departure from the home he shared with respondent mother and the child and the subsequent removal of the child from the home. When he learned of the removal, the father refused the mother's request that he take the child, and the child was instead briefly placed with a relative of her half-sisters.
After the child was placed with petitioner, the father took no steps to engage in the child's life and even avoided the efforts of his own family members to facilitate his visitation with the child. The father's own testimony at the hearing established that, at the time he sought custody, he was not a caregiver for the child, had not been visiting the child, and had not been a part of the child's life for half of her 16 months.
The finding of extraordinary circumstances was further supported by evidence of the father's history of domestic violence, including violence toward the mother, which took place in the presence of another child and while the mother was pregnant with the subject child, violence toward the mother of one of the father's other children, and also violence toward children (see McNeil, 120 AD3d at 1582). Notably, the father acknowledged during his testimony that he had failed to comply with the terms of an order of protection in favor of one of his other children.
To the extent that the father challenges the best interests determination, we conclude that the record also supports the determination that the award of custody to petitioner was in the child's best interests (see Matter of Jackson v Euson, 153 AD3d 1655, 1656 [4th Dept 2017]).
Finally, we dismiss the appeal from the order in appeal No. 2 inasmuch as the father has not raised any contentions with respect to that order (see Matter of Dawley v Dawley [appeal No. 2], 144 AD3d 1501, 1502 [4th Dept 2016]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court