Matter of Watkins v Hart (2020 NY Slip Op 05405)





Matter of Watkins v Hart


2020 NY Slip Op 05405


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


873 CAF 19-00175

[*1]IN THE MATTER OF KEONA S. WATKINS, PETITIONER-RESPONDENT,
v
STEPHANIE M. HART, RESPONDENT-APPELLANT, AND GREGORY A. LATTA, RESPONDENT-RESPONDENT. 






CHARLES D. STEINMAN, ESQ., PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR RESPONDENT-APPELLANT. 


 Appeal from a corrected order of the Family Court, Monroe County (Joan S. Kohout, J.), entered December 19, 2018 in a proceeding pursuant to Family Court Act article 6. The corrected order, inter alia, granted petitioner sole custody of the subject child. 
It is hereby ORDERED that the corrected order so appealed from is unanimously affirmed without costs.
Memorandum: In this custody proceeding pursuant to Family Court Act article 6, respondent mother appeals from a corrected order of Family Court that, inter alia, granted custody of the subject child to petitioner, the child's adult sister. We affirm.
"It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [4th Dept 1998], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]).
Here, petitioner met her burden of establishing the existence of extraordinary circumstances to give her standing to seek custody of the child (see Matter of Thomas v Small, 142 AD3d 1345, 1345 [4th Dept 2016]). The child was removed from the mother's custody immediately after her birth and was placed in the custody of the Monroe County Department of Human Services. The child remained in foster care for almost two years before being placed with petitioner. At the time of the trial, the child had been in petitioner's care for almost a year and had never lived with the mother. The foregoing evidence, along with the mother's admission in a separate neglect proceeding to neglect of the child, supplied the threshold showing of extraordinary circumstances (see Matter of Jackson v Euson, 153 AD3d 1655, 1656 [4th Dept 2017]; Matter of North v Yeagley, 96 AD3d 949, 950 [2d Dept 2012]; Matter of Donna KK. v Barbara I., 32 AD3d 166, 169 [3d Dept 2006]). Contrary to the mother's further contention, the record supports the court's determination that it was in the child's best interests for petitioner to have custody (see Jackson, 153 AD3d at 1656; see generally Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]). We note that the mother failed to testify at the trial or present any proof to counter petitioner's petition for custody.
We reject the mother's contention that the court erred in substituting a new Attorney for the Child (AFC) during the trial without adjourning the trial. On the start of the second day of the two-day trial, the original AFC was recused due to a conflict of interest, and the court thus properly appointed a new AFC (see generally Matter of Miller v Miller, 220 AD2d 133, 136 n 2 [3d Dept 1996]). Although the mother belatedly objected to the substitution without a postponement of the trial, we conclude that the court did not abuse its discretion in denying the request for an adjournment. The new AFC had not met with the mother, the child, or petitioner, but, as the court noted, the mother had not responded to the prior AFC, and there was no [*2]indication that she would respond to the new AFC. Moreover, in light of the child's young age, she would not have been able to express her wishes to the AFC. The new AFC actively participated in the trial and assured the court that she would look at a copy of the transcripts and submit a written closing summation at a later time, which she did (see Matter of Clime v Clime, 85 AD3d 1671, 1672 [4th Dept 2011]; Matter of Storch v Storch, 282 AD2d 845, 848 [3d Dept 2001], lv denied 96 NY2d 718 [2001]). Although the mother contends that it is "highly unlikely" that the AFC ever reviewed a transcript of the trial, that contention is mere speculation (see Matter of Matthew W. v Meagan R., 68 AD3d 468, 469 [1st Dept 2009]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court